In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Lands and Premises Situated in Nineteenth (Barclay) Street, etc., in the Borough of Queens, City of New York, Duly Selected as a Site for the Triborough Bridge by the Department of Plant and Structures, and Approved by the Board of Estimate and Apportionment According to Law.

Supreme Court, Queens County, May 28, 1934.

*Paul Windels, Corporation Counsel [Irving Levey* of counsel], for the City of New York.

*Skinner & Berment, Roe & Kramer, Smith & Schwartz, Edwin Hamburg, John McMullen, Talley & Lamb, Vincent Tese, Arthur Beaudry, Edward W. Murphy, Egan & O'Reilly, Charles Kupfer, Romano & Gluckstein, Saul Dickheiser, Patrick McDonald, James Barry, Thomas Higgins, Nathan L. Goldstein, Harold Flatto* and others, for the claimants.

LOCKWOOD, J.   On May 26, 1927, the board of estimate and apportionment of the city of New York appropriated funds for borings, soundings, surveys and the preparation of plans for the construction of a bridge connecting the boroughs of Queens, Manhattan and the Bronx, to be known as the Triborough Bridge.

On January 10, 1930, a resolution was adopted by the board of estimate and apportionment approving maps showing the lands selected by the commissioner of plant and structures and authorizing condemnation proceedings.

Subsequently, further appropriations were made by the board of estimate and consent was obtained from the United States government war department to span the waterways encountered along the line of the proposed structure.   On April 28, 1930, the Federal government granted permits for the crossings over East river, Little Hell Gate and Bronx Kills and under date of May 8, 1930, granted a permit for crossing the Harlem river.

A resolution was adopted June 6, 1930, authorizing the vesting of title in the city to certain parcels of land on the date of the entry of the court order to condemn, which order was entered January 12, 1931.

As thus proposed, the bridge starts on the westerly side of Thirty-first street (Second avenue), Astoria, and the northerly side of Twenty-fifth avenue (Hoyt avenue), running westerly from Thirty-first street (Second avenue) to East River Park at Nineteenth (Barclay) street, Astoria.

The bridge crosses the East river, is a viaduct through Ward's island, Little Hell Gate is then bridged, there is a viaduct on Randall's island with an arm running westerly on Randall's island, then a bridge over the Harlem river with a terminal and approach on the east side of Second avenue from One Hundred and Twenty-fourth to One Hundred and Twenty-sixth streets, Manhattan.   The main bridge continues across Randall's island and Bronx Kills to

the borough of the Bronx with a terminal at Cypress avenue, One Hundred and Thirty-second to One Hundred and Thirty-fifth streets and Southern boulevard, the Bronx.

The total length of the structure as planned is 17,710 feet and the original estimated cost $32,000,000; the time within which it was to be built was four years.

In this proceeding we are concerned with the land and improvements taken from Second avenue, now known as Thirty-first street, westerly to Nineteenth (Barclay) street at East River Park, Astoria, borough of Queens.

The total number of damage parcels is 266, including beds of streets. There have been three different dates of title vesting to various parcels in the city of New York, by resolution of the board of estimate and apportionment, namely, January 14, 1931, April 1, 1931, and September 15, 1933.

In the years 1930, 1931 and 1932 the city of New York, through the comptroller, by direct purchase, acquired ninety-nine improved and unimproved parcels.

This proceeding came to trial October 23, 1933. Many hearings have been held, the matter adjourned from time to time to provide for preparation of maps and the presentation of proof. The last hearing date was May 21, 1934.

The court has visited the property on a number of occasions, inspected and viewed each and every damage parcel, including the improvements and fixtures.

A number of the claimants conducted examinations before trial in accordance with the statute — chapter 387 of the Laws of 1932, and article 29 of the Civil Practice Act. This was not done on behalf of the city by the corporation counsel — thus it became necessary to call many witnesses and extend the court hearings.

Since the Triborough Bridge was projected plans were developed and have since been adopted to extend wide express highways from the Astoria bridge plaza easterly along and adjacent to Astoria avenue, to Northern boulevard, from which point they run southeasterly along the Flushing meadows, crossing Nassau boulevard and continuing to connect with the Grand Central and Interborough parkways at a point near the intersection of the two last named parkways and Queens boulevard, where there are under construction underpass express highways and boulevard connections leading easterly through Queens and Nassau counties, and westerly through Queens and Kings counties.

By act of the Legislature of the State of New York, approved by the Governor April 7, 1933, the Triborough Bridge Authority was created to take over the bridge work. Up to this time the money

for preliminary and construction work and for acquiring real estate, in all amounting to about $4,900,000, had been paid by the city of New York. The powers of the authority are, briefly, to acquire in the name of the city of New York, by purchase or condemnation, real property to be used for the construction of a bridge to connect the boroughs of Queens, Manhattan and the Bronx — the Triborough Bridge — and to issue securities to defray the cost of such project which is to be borne by the authority.

Under date of September 1, 1933, by agreement between Triborough Bridge Authority and the United States of America, it was arranged that the authority will obtain a Federal loan from the Reconstruction Finance Corporation of $35,000,000 to be used in the carrying out of its projects. Said sum is to be repaid from the toll income. In addition to the $35,000,000 loan the Federal government is to contribute an absolute grant of $7,000,000 to the work.

With the induction into office of a new city administration there has been a change in part in the personnel of the bridge authority. The work is now going forward, buildings being demolished, and the bridge and connecting boulevards built in co-operation by the Triborough Bridge Authority, the State authorities, the Long Island State Park Commission and the city of New York.

Several years ago the cable anchorages in Astoria and on Ward's island, the foundations for the viaducts on Ward's and Randall's islands and the anchorages in the boroughs of Manhattan and the Bronx were constructed. Contracts have been let for steel and other work and thousands of men given employment.

After the city purchased improved parcels and assumed the management, the properties so purchased by the city deteriorated rapidly; a number of apparently good houses were abandoned to small boys and vandals, windows were broken, plumbing torn out, floors and doors removed, stone stoops destroyed, and the houses generally wrecked.

New home construction went on and prices and rents were fairly maintained in Astoria until late in 1930. Since this time home owners here suffered loss of property values through the lack of care given by the city to its purchased properties, drastic rent reductions made by the city which naturally reduced the desirability and rental income of the adjacent properties, by the depression from which all have suffered, and by the shadow of the coming bridge.

The construction of great bridges in New York has generally resulted in the destruction of values of the properties between the waterfront and the bridge plazas — that is the history of the homes under and near to the Brooklyn, Williamsburgh, Manhattan and Queensboro Bridges. The Port Authority in the erection of the

great George Washington Bridge largely avoided the destruction of property values, especially on the New Jersey side of the Hudson river, by foresight in acquiring sufficient land and adequate planning.

The residential part of Astoria where the Triborough Bridge is under construction is generally well built. The blocks between Twenty-fourth (Woolsey) avenue and Twenty-fifth (Hoyt) avenue, Nineteenth (Barclay) street and Thirty-first (Second avenue) street, contain many comparatively new two-family, two-story brick houses, extensive garden apartment developments, several old law multiple dwellings, a few stores and frame homes.

The bridge as planned comes to Barclay street at an angle, runs straight to Thirty-first street (Second avenue), then the connecting boulevard turns and follows the line of Astoria avenue for several miles. The 200-foot strip taken off the northerly side of Hoyt avenue for six blocks, Twenty-third to Twenty-ninth streets, seems a narrow one for this great project.

The present plan is to use old Hoyt avenue — 100 feet wide — as a roadway, the next 100 feet for the bridge structure, and the next 100 feet for another roadway parallel to the bridge structure and old Hoyt avenue.

The men of vision now directing the building of the Triborough Bridge, the connecting boulevards and laying out the parks and playgrounds in the city, might well consider whether or not, with Federal funds available and the unemployment situation still acute, now is the time to take in sufficient additional land to the north for use as parks and playgrounds. Thus provision would be made for the safe play activities of the thousands of children who live in the neighborhood, and a repetition of the conditions created by the erection of the old bridges avoided.

The suggestion of provision for play places may seem to some unusual in this memorandum but the writer feels it justified by the experience of a boyhood and young manhood passed in a section of Brooklyn where the vacant land was rapidly built up and no space set aside for activities of youth except the public highways with their attendant dangers. In more recent years a spring and fall duty has been the effort to obtain permits for boys to play baseball and football at Prospect Park Parade Grounds, some four miles distant from their homes. Year in and year out, including the year 1934, most of these applications have been necessarily refused because of lack of facilities — more teams than hours and available space.

After the apartment houses and business buildings come it is too late because of the cost. Years must then pass until the properties deteriorate and values fall because families with young children move to the suburbs in search of sunshine and the out-of-doors.

Let not the errors of the past in Manhattan and Brooklyn be repeated in Queens — plan and provide now and thus promote and protect the health of the young and the old.

Several years ago a leading attorney of New York, on a visit to Copenhagen, Denmark, inspecting model building and housing construction, remarked to a high official of that beautiful capital that the *most important* sites in the center of the city were given over to public parks instead of being used for business buildings and hotels. The Danish official promptly and aptly replied, " What is *more important* than places of recreation for the people of a great city? " So we may still learn some things from the cities of the Old World.

Many exhibits are in evidence. To give an understanding of this great project, the court calls particular attention to the following, copies of which are inserted in this memorandum decision:*

Claimant's Exhibit 18 — A drawing of the projected structure sets forth the engineer's conception of the Triborough Bridge project as of the date indicated on said map, March, 1927. The court is informed the final plans are now nearing completion.

City's Exhibit X — A map showing all the land taken between Thirty-first street (Second avenue), Hoyt, now Twenty-fifth avenue, and Barclay, now Nineteenth street, with details.

The damage parcels colored blue, Exhibit X, were purchased direct by the comptroller of the city of New York with the approval of the board of estimate. On each parcel appears the date of purchase, the price paid by the city, and the assessed valuation for the year in which the property was bought and the assessed valuation for the previous year.

The damage parcels colored tan VI show the properties, title to which vested in the city on January 14, 1931.

The damage parcels colored tan VII show the properties, title to which vested in the city on April 1, 1931.

The damage parcels colored yellow show the properties, title to which vested in the city on September 15, 1933.

On each parcel appears the assessed valuation for the year of title vesting and the two prior years.

Exhibit IV gives a bird's-eye view of the proposed bridge and connecting boulevards.

After careful consideration of all the evidence, including the exhibits and many views and inspections of the damage parcels, the court makes the following awards:

(In each instance, the court has noted the date title vested in the city — there are three such dates, January 14, 1931, April 1, 1931,

---

* Exhibits omitted.

and September 15, 1933. It is also important to have in mind that the purchases made by the city were in the years 1930, 1931 and 1932.)

Damage Parcels Nos. 1 and 239 — Vacant plot running the block front 226.29 feet along Nineteenth (Barclay) street, 100.8 feet on Twenty-fifth street (Hoyt avenue), 100 feet on Twenty-fourth terrace, and 213.59 along the rear. This plot contains about eleven city lots and is situated opposite East River Park, which park runs along the river at this point. Barclay street is a sixty-foot wide dirt street. The claimant's expert estimates the value as of the date of vesting title, January 14, 1931, at $105,573. The city's experts' estimates of the value are: Mr. Terry, $37,940; Mr. Sheridan, $36,291. The present owner of record testified in this proceeding that he purchased this property from the Gelros Realty Corporation for $45,000 and took title, deed dated June 24, 1927, recorded July 7, 1927, liber 3067, Conveyances, page 69727. Closing was on the following terms: Price, $45,000. First mortgage, $8,000; second mortgage, $7,500; third mortgage, $9,500; purchase money, fourth mortgage, $12,000; cash, $8,000; total, $45,000. Assessed, 1929, $21,500; 1930, $33,500; 1931, $33,500. Award, $45,000.

Damage Parcel No. 2 — Vacant plot, 37.80 feet in width by 113.59 on one side and 108.83 feet in depth on the other side. Assessed value, 1929, $4,000; 1930, $5,600; 1931, $5,600. Title vested in the city of New York, January 14, 1931. Owner's estimate of value, rate of $2.50 a square foot, $10,510; city's estimate rate of $1.50 per square foot, $5,838. Award, $6,500.

Damage Parcel No. 3 — Vacant plot adjoining and almost the same size as damage parcel No. 2; assessed value, 1929, $3,800; 1930, $5,500; 1931, $5,500; title vested in the city of New York, January 14, 1931; owner's estimate of value at $3.50 per square foot, $14,028; city's estimate of value at $1.50 per square foot, $5,589. Award, $6,250.

Damage Parcel No. 4 — Another vacant plot practically the same in size as damage parcels 2 and 3 and adjoining damage parcel 3, also fronting on Twenty-fifth street (formerly Hoyt avenue); assessed value, 1929, $3,800; 1930, $5,500; 1931, $5,500; title vested, January 14, 1931; owner's estimate of value at $2.50 per square foot, $9,732.50; city's estimate at $1.50 per square foot, $5,339. Award, $6,000.

Damage Parcel No. 8 — Vacant lot 20x100 feet fronting on Twenty-first street (Van Alst avenue); assessed value, 1929, $2,000; 1930, $4,000; 1931, $4,000; title vested in city, January 14, 1931; owner's estimate of value at $4 per square foot, $8,000; city has two

estimates, one at $2 a square foot and one at $1.75 a square foot. Its higher estimate is $4,000. Award, $4,000.

Damage Parcel Nos. 9 and 10 — Parcel No. 9 is a vacant lot 40x100 feet on Twenty-first street (Van Alst avenue). Assessed 1929, $4,000; 1930, $8,000; 1931, $8,000. Title to No. 9 vested in the city January 14, 1931. Parcel 10 is the vacant lot adjoining on the north, 20x100 feet in size. Assessed 1930, $4,000; 1931, $4,000; 1932, $4,000. Title to No. 10 vested in the city September 15, 1933. Both parcels in one ownership. Owner's estimate of value at rate of $2.75 a square foot, $18,150; city's higher estimate of value, rate of $2 a square foot, $12,600. Award $12,600.

At this point the court calls attention to several private purchases made by the city of New York of vacant plots, one covering damage parcel No. 5, which was purchased in September, 1930, for $5,500, at the rate of $3.11 a square foot. Immediately adjoining, the city also purchased, in January, 1931, damage parcel No. 6 for a consideration of $4,450, or at the rate of $2.46 a square foot. Both of these parcels are practically alike. Damage parcel No. 7, which is a corner plot having a frontage of 41.86 feet on Twenty-first street (Van Alst avenue) and 100.8 on Twenty-fifth street (Hoyt avenue), was purchased in May, 1930, at private sale for a consideration of $9,250, at the rate of $1.91 a square foot, including corner and plottage.

Immediately across the street from damage parcel No. 7, in December, 1930, damage parcel No. 49 was purchased at private sale for a consideration of $13,500 at the rate of $3.21 a square foot, including corner and plottage. This parcel, namely, No. 49, has a frontage of 49.09 feet on Twenty-first street (Van Alst avenue) and a frontage of 100.8 feet on Twenty-fifth street (Hoyt avenue).

Damage parcel No. 46, a corner plot having a frontage of 40 feet on Twenty-first street and 100 feet on Twenty-fourth drive, was purchased at private sale in May, 1930, by the city for $9,250, or at the rate of $2.31 a square foot, including the corner.

Damage parcel No. 47 was purchased in May, 1930, at private sale by the city for a consideration of $12,500, or at the rate of $3.12 a square foot, including corner.

In other words, these private purchases made by the city are as follows: Damage Parcel No. 5, September, 1930, $3.11; No. 6, January 19, 1931, $2.46; No. 7, May 22, 1930, $1.91; No. 49, December 2, 1930, $3.21; No. 46, May 22, 1930, $2.31; No. 47, May 22, 1930, $3.12, per square foot. The city introduced the sale of a plot 40x100 feet at the northeast corner of Twenty-first street and Twenty-fourth drive (immediate vicinity), between Anthony J. Miller, grantor, and Gertrude Kelly, grantee, deed

dated October 22, 1930, recorded November 1, 1930, in liber 3437, Conveyances, page 66474, for a consideration of $6,000, at the rate of $1.50 per square foot, including corner influence. The grantor testified that when he purchased the property in February or March of the same year he paid $3,250, about 82 1/2 cents a square foot.

Damage Parcel No. 12 — Two-story, two-family brick house with concrete block garage in rear, all on plot 20x100 feet. Assessed value, 1931, $12,000; 1932, $12,000; 1933, $12,000. Title vested September 15, 1933. Owner's estimate of value: Land, $5,000; improvements, $12,000; total, $17,000. City's estimate: Land, $4,000; building, $9,350; total, $13,350. Award, $14,500.

Damage Parcels Nos. 13 and 245 — A two-story, two-family brick house with concrete block two-car garage in rear, on corner lot 20x100 feet; assessed value, 1929, $11,500; 1930, $13,500; 1931, $13,500; title vested in the city of New York, April 1, 1931. Owner's estimate of value: Land, $8,250; buildings, $12,000; total, $20,250. City's estimate: Land, $5,000; buildings, $10,450; total, $15,450. Award, $16,000.

Damage Parcels Nos. 14 and 244 — A plot 37.5x100 feet in depth, abutting the southerly side of Twenty-fourth terrace, a dirt street, and a three-story, brick apartment house is taken; assessed value, 1929, $30,000; 1930, $35,000; 1931, $35,000; title vested in city of New York, April 1, 1931. Owner's estimate of value at rate of $2 a square foot for: Land, $7,500; improvements, $38,000; total, $45,500. City's expert estimates: Land at the rate of $1.25 a square foot, $4,687; improvements, $35,545; total, $38,232. Award, $39,500. A judgment creditor has filed a claim against this award. Proof of claim filed with the comptroller. Award is made subject to proof of said claim.

Damage Parcels Nos. 18 and 240 — A parcel 30x100 feet abutting the southerly side of Twenty-fourth terrace and a two-story and cellar semi-detached two-family brick dwelling and a two-car concrete block garage. Assessed value, 1929, $10,300; 1930, $11,500; 1931, $11,500. Title vested in city of New York, April 1, 1931. Owner's estimate of value at the rate of $2 a square foot for: Land, $6,000; improvements, $12,000; total, $18,000. City's estimate at rate of $1.25 a square foot: Land, $3,750; improvements, $9,950; total, $13,700. Award, $16,000.

Here there were four two-story, two-family semi-detached brick houses, well built. The city purchased damage parcel No. 15, December 29, 1930, for $16,000; damage parcel No. 16 on January 16, 1931, for $15,750, and damage parcel No. 17 on May 8, 1931, for $15,750. Damage parcel No. 18, here considered, is exactly like damage parcel No. 15 on a thirty-foot lot.

Damage Parcel Nos. 19, 26, 33, 208, 215, 216, 223 and 10 feet of 25, 27, 214 and 222 — The square block of then vacant land shown on this diagram was sold by Astoria Park Corporation to Boulevard Operators, Inc., November 23, 1928. The Boulevard Operators erected twelve two-story, two-family, attached, brick houses on twelve lots running through from Twenty-fourth terrace to Twenty-fourth drive; completed the buildings late in 1929; and on March 11, 1930, sold the twelve houses to the city of New York by direct sale for $204,000, or $17,000 a house; the twelve houses with the lots were then assessed for a total of $104,000, or $8,666 a house.

On May 10, 1930, the Juniper Developing Corporation, a subsidiary of the Boulevard Operators, Inc., conveyed the remainder of said block, all vacant land shown in tan on the map, to the Deward Corporation. The Deward Corporation asks in this proceeding an award for said vacant land $151,446; assessed value, 1931, year of taking, $77,000; city's figures (Mr. Terry) $88,330, (Mr. Sheridan) $80,072.

Under date of August 15, 1926, deed recorded September 18, 1926, in liber 2949, Conveyances, page 104248, the Hawkins Holding Corporation conveyed to the McCarron Realty Corporation, for $70,000, the block, with the exception of a plot 40x100 feet.

By deed dated February 8, 1927, recorded February 9, 1927, in liber 3007, Conveyances, page 12143, the McCarron Realty Corporation conveyed to the Astoria Park Corporation the same property for a consideration of $99,800.

Under date of February 10, 1927, deed recorded February 11, 1927, in liber 3007, Conveyances, page 12824, the Gelros Realty Corporation conveyed to the Astoria Park Corporation the 40x100 foot plot which was excluded from the above transactions; consideration $8,000. Thus the Astoria Park Corporation acquired the entire vacant square block for $107,800 in February, 1927.

Under date of November 23, 1928, deed recorded November 26, 1928, in liber 3247, Conveyances, pages 108, 956, the Astoria Park Corporation conveyed the entire block to the Boulevard Operators, Inc., for a claimed consideration of $200,000.

This claimed consideration of $200,000 was reduced on cross-examination to $182,500, the terms being $5,000 cash and mortgages aggregating $177,500. It subsequently developed that when this deal closed November 3, 1928, the seller, Astoria Park Corporation, received back from the purchaser, Bouelvard Operators, Inc., a purchase-money mortgage of $120,000 which, together with the $5,000 paid on closing, would make the total price appear to have been $125,000. The deed and the purchase-money mortgage of $120,000 were both dated November 23, 1928, and recorded in the Queens county register's office on November 26, 1928.

On *May 24, 1929*, there is recorded in the register's office a mortgage for $57,500 which recites that it is a purchase-money mortgage made by Boulevard Operators, Inc., to Astoria Park Corporation covering the same property. This, it is claimed, makes up the difference between the $5,000 cash, the $120,000 purchase-money mortgage hereinbefore referred to, and the last claimed consideration of $182,500.

Inasmuch as this sale was relied upon by a number of owners in this vicinity, it was examined into exhaustively by the corporation counsel.

It seems strange that the $57,500 mortgage is dated December 3, 1928, ten days after the transaction closed, and is recorded six months later.

Under examination, officers of both companies involved testified that they could not produce the original contract of purchase, were not sure there was one; they could not find a closing statement, nor a single written memorandum in their books or files throwing any light on this transaction.

The corporation counsel put in evidence the franchise tax report of the Astoria Park Corporation for the year 1928, which reported this property to have been sold for $120,000.

The Boulevard Operators, Inc., in 1929, erected the twelve two-story, two-family, attached, brick houses with a garage underneath each house in the rear with a common driveway in the back and a ten-foot driveway at the easterly end running through the block from Twenty-fourth terrace to Twenty-fourth drive to afford access to the garages.

The Title Guarantee and Trust Company loaned first mortgages of $7,750 on each of the six houses on Twenty-fourth drive and $7,000 on each of the houses on Twenty-fourth terrace, with an easement for each house in the street-to-street driveway.

On March 11, 1930, deed recorded March 12, 1930, in liber 3379, Conveyances, page 439, the city bought direct for all cash the twelve newly-erected houses for $204,000, or $17,000 a house. These houses were then all assessed for $104,000, or $8,666 a house. They fronted on fifty-foot wide dirt streets.

Better built houses for two families, semi-detached, on wider and deeper lots, each with side drive and garage on wider, fully improved streets, nearer to transportation, were selling and had sold in the good years for $12,500 to $15,000 each. Furthermore, the sellers, the Boulevard Operators, Inc., retained title to the ten-foot street-to-street driveway strip, the only means of access to the rear garages, and also retained the vacant plots on either end of the block, each plot having frontage on three streets.

The twelve two-family houses, which according to testimony, rented for $1,980 a month to tenants, were leased back by the city to Boulevard Operators, Inc., for $750 a month, lessee to supply heat to tenants.  Subsequently the city reduced the rent to $450 a month.

Thus the city bought for all cash at a substantial price the twelve houses with garage underneath the rear of each house, to which the only means of access was the ten-foot wide street-to-street driveway at the easterly end.  But they failed to obtain title to the driveway. All knew at that time that the driveway would have to be acquired later by condemnation or separate purchase by the city, and now in this proceeding it is being acquired.

The ten-foot driveway is at the westerly end of damage parcel 26. Title to it was vested in the city April 1, 1931, by resolution of the board of estimate.  By similar resolution, the city vested the adjoining vacant land, same owner, January 14, 1931.

Under date of March 20, 1930, deed recorded March 21, 1930, in liber 3382, Conveyances, page 15985, the Boulevard Operators, Inc., conveyed to the Ivanhoe Operators, Inc., the vacant plots on either end of the block, damage parcels 19–33 and 26, etc.  It develops that this transaction was merely a transfer to a wholly owned subsidiary.

On May 10, 1930, deed recorded May 12, 1930, in liber 3395, Conveyances, page 27845, Ivanhoe Operators, Inc., conveyed to the Juniper Developing Corporation the same property.  This transaction was also merely a transfer to a wholly owned subsidiary.

On May 10, 1930, the Juniper Developing Corporation, as grantor, conveyed the same vacant property to the Deward Corporation, recorded May 12, 1930, liber 3395, Conveyances, page 392.

We now have the strip through the center of the block shown in blue on the diagram upon which the twelve houses were built sold by the Boulevard Operators to the city of New York direct. The balance of the block shown in tan is now owned by the Deward Corporation.  The original purchase-money mortgage or mortgages made by the Boulevard Operators to the Astoria Park Corporation have been reduced, it is claimed, to $118,260.  This reduction from $177,500 was made by the Boulevard Operators paying $56,580 to the Astoria Park Corporation on account of the mortgage when the twelve houses and lots were sold to the city and $2,660 when the blanket mortgage was subordinated to the title company mortgages on the individual houses.

As to the vacant land on this block, the corporation counsel brought out that the transfers from Boulevard Operators, Inc., to the Ivanhoe Company, and then to the Juniper Company, were

inter-company transactions to wholly owned subsidiaries. It developed that the sale by Juniper to the Deward Corporation was in fact an exchange; the Juniper gave the Deward the vacant land on this block in Astoria and the Holterman farm on the Juniper Swamp road in another section of Queens.

The Deward Corporation claims to have given the Juniper Corporation $20,000 in cash and notes and the title to the equity in thirteen houses on Lowery street, Long Island City.

The Deward Corporation let the equity on the Holterman farm go in foreclosure to the holder of the mortgage on said farm.

The Juniper Corporation sold the equity in six of the houses for about $3,000 each, a total of $18,000, and let the other seven go in foreclosure to the holders of the first mortgages. The net result is that the Juniper Corporation claims it received $38,000 in cash and notes, including what it realized on the Lowery street houses, for its equity in the vacant land on this square block.

The Deward Corporation received the equity in the vacant land on this square block subject to a mortgage, balance due $118,260, held by the Astoria Park Corporation.

It further appears in the testimony given May 14, 1934, before this court that the Astoria Park Corporation, the holder of the mortgage, and the Deward Corporation, the owner of the equity, are entirely owned by the same people. The operators who assembled the square vacant block in 1928 and sold it, taking back a purchase-money mortgage, subsequently in contemplation of this condemnation proceeding, as shown by the contract of exchange, acquired the equity in these damage parcels by the transaction hereinbefore set forth.

The involved transactions on this square block of property show clearly how far removed the boom prices of 1927 and 1928 were from the real value of properties; for example, when the Astoria Park Corporation, in February, 1927, acquired the greater part of this block for $99,800, the terms were as follows: First mortgage $24,000; second mortgage $20,000; third mortgage $16,000; and a fourth purchase-money mortgage of $25,000.

In the same month, February, 1927, the Astoria Corporation acquired the balance of the block, the vacant 40x100 foot plot, for $8,000, terms first mortgage $2,000; second mortgage $1,500; third mortgage $2,000; cash $2,500.

It is clear that these many mortgages on vacant parcels did not represent investment value but did represent paper profits. With the coming of the depression, the value behind similar mortgages disappeared and in most cases the property went in foreclosure to the holders of the first mortgages.

Therefore, the sale to the Boulevard Operators, Inc., cannot be relied upon as an evidence of the real value in 1931 or in 1933 of nearby properties.

Said vacant property was assessed at the time title vested in the city in 1931 at $77,000.

The amount claimed still due on the mortgage on the property is $118,260, to which amount it was claimed to have been reduced from $177,500 at the time of the sale to the city of the twelve lots and houses. No one explained why, when one-third of the block was thus released from the lien of the consolidated mortgages, so small an amount was paid off on the mortgages from so substantial a claimed price.

The value of the property as estimated by claimant's expert is $151,446.

The value of the property as estimated for the city: Mr. Terry, $88,330; Mr. Sheridan, $80,072.

The award made by the court is $90,000.

Damage Parcels Nos. 34, 35, 36 and 180 — Vacant parcel of land, 100x100 feet, situate on two dirt streets at the northeast corner of Nineteenth street and Twenty-fourth drive, opposite East River Park. Assessed value, 1929, $8,400; 1930, $15,000; 1931, $15,000. Title vested in the city of New York January 14, 1931. Owner's estimate of value, at the rate of $3.48 per square foot, $34,800. City's estimates: Mr. Terry, at the rate of $1.50 per square foot inside and $1.87½ corner, $17,325. Mr. Sheridan, at the rate of $1.37½ per square foot inside and $1.75 corner, $14,912. Award, $20,000.

Damage Parcel No. 45 — Vacant plot, 60x100 feet abutting the westerly side of Twenty-first street, former Van Alst avenue. Assessed value, 1929, $6,000; 1930, $12,000; 1931, $12,000. Title vested in the city of New York January 14, 1931. Owner's estimate of value at the rate of $2.75 per square foot, $18,150. City's estimate at the rate of $2 per square foot, $12,600. Award $13,000.

Damage Parcel No. 48 — Vacant parcel of land having a frontage of 320 feet on Twenty-first street and a depth of 100 feet. Assessed value, 1929, $32,000; 1930, $64,000; 1931, $64,000. Title vested in the city of New York January 14, 1931. Owner's estimate at the rate of $2.75 a square foot, $96,800. City's estimates: Mr. Terry, at the rate of $2 a square foot plus plottage, $70,400. Mr. Sheridan, at the rate of $1.75 a square foot, $61,600. Award, $72,000.

Damage Parcels Nos. 50, 53 and 256 — An irregular parcel of land having a frontage of 40.32 feet on Twenty-fifth street, running through the block to Twenty-fourth drive on which dirt street the

frontage is 300.07 feet. Assessed value, 1931, $20,500; 1932, $23,500; 1933, $23,500. Owner's estimate at rate of $1.48 a square foot, $44,770. City's estimates: Mr. Terry, average 95 cents a square foot, $28,750. Mr. Sheridan, $26,854. Title vested in the city of New York September 15, 1933. This plot fronts on Hoyt avenue and on Twenty-fourth drive. On April 14, 1931, the city paid $17,000 for damage parcel 51, a deep, narrow lot with an old two-story, brick house; a plot about one-half the size of damage parcel 53 alone. Award $37,500.

Damage Parcel No. 52 — A vacant parcel of land having a frontage of 40.32 feet on Twenty-fifth street (Hoyt avenue), 113.86 feet in depth on the west side and 108.78 feet in depth on the east side. Assessed value, 1929, $4,000; 1930, $7,500; 1931, $7,500. Title vested in city of New York January 14, 1931. Owner's estimate at the rate of $2.83 a square foot, $12,601.99. City's estimate at rate of $2 a square foot, $8,906. Award, $9,000.

Damage Parcels Nos. 54 and 257 — A vacant parcel of land 340 feet on Twenty-third (Hallett) street and a depth of 100 feet on Twenty-fourth drive; assessed value, 1929, $27,500; 1930, $35,000; 1931, $35,000; title vested in city of New York January 14, 1931; owner's estimate at rate of $2.58 a square foot; $87,720; city's estimates: Mr. Terry, $41,470; Mr. Sheridan, $39,710. Award, $47,000.

Damage Parcel No. 56 — The owners of damage parcels having remainders moved that the court take testimony on the question of consequential damage to said remainders, caused by the use to which the part taken is to be put, the limitation of the use of the remainder, and the claim for impairment of light, air and access.

The city contends that such proof should not be taken as the awards to be made by the court in this proceeding should not include consequential damages arising out of a "prospective closing of a legally opened street." That before such damages are recoverable, the street must be legally closed and discontinued in accordance with the statutes provided therefor, to wit, Laws of 1895, chapter 1006, as in force in 1925 (Greater New York Charter, p. 1217).

The city also contends that raising this question at this time is premature; that what the future holds cannot be foreseen, and that the court does no injustice by eliminating from this trial the question of damages arising out of a situation which may or may not ever come to pass.

This view is probably sound with respect to parcels that are damaged by the erection of the bridge approach, and the consequent closing of the street, where no part of such parcels is taken in this proceeding.

This proceeding is being conducted pursuant to chapter 21 of the Greater New York Charter, and its purpose is to acquire land for a bridge approach, not to close streets. Section 1453 of the Greater New York Charter expressly excludes from the provisions of chapter 21 " any proceedings instituted under the provisions of chapter ten hundred and six of the Laws of eighteen hundred and ninety-five," which statute applies only to the closing of streets.

The construction of the bridge approach, which, under present plans, will be a solid masonry structure beginning at Thirty-first street and extending westerly therefrom, and which will be 100 feet in width, having streets paralleling it on the north and south sides, will, it is claimed, restrict use and interfere with easements of light, air and access. In other words, it will be physically impossible to directly cross Twenty-fifth avenue on any of the streets where the approach will interfere, from a point south of Twenty-fifth avenue to a point north of Twenty-fifth avenue.

The court does not regard this as a street closing proceeding, but rather as one clearly pursuant to chapter 21 of the Greater New York Charter. A claimed limitation of the use of a remainder or an alleged impairment of easements of light, air and access certainly do not make this a street closing proceeding.

The question is whether the claimants are entitled to consequential damage to the remainders of their properties caused by the taking and by the use to which the acquired property will be put, regardless of the cause of the damage. The portion of the claimant's property taken became vested in the city in fee and the bridge approach will be built on this property as will the new avenue paralleling the bridge on the east.

It is well settled that where the proposed use of the property taken will depreciate the value of the part not taken, such depreciation should be considered as part of the damages suffered by the taking. (*Bohm* v. *M. E. R. Co.*, 129 N. Y. 576; *Henderson* v. *N. Y. Central R. R. Co.*, 78 id. 423; *South Buffalo R. Co.* v. *Kirkover*, 176 id. 301; *Matter of Jaquina Realty Co.* v. *Ormond*, 217 App. Div. 76; affd., without opinion, 247 N. Y. 528.)

The claimants are entitled not only to the value of the land taken but also to the consequential damages caused by the use to which the land taken will be put. (*People ex rel. City of New York* v. *Lyon*, 114 App. Div. 583; affd., without opinion, 186 N. Y. 545; *South Buffalo R. Co.* v. *Kirkover, supra.*) The measure of damages is the difference between the fair market value of the whole before the taking and the fair market value of what remains after the taking. (*Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25.)

The court will take proof to determine the claimants' damage in accordance with the foregoing.

The engineer in charge of the work at this point testified some weeks ago that the studies on approaches were about completed and that the definite and final approach plans would soon be ready. The court assumes the corporation counsel is now or soon will be in a position to present the proof.

The award as to this parcel is held in abeyance until completion of proof.

Damage Parcel No. 58 — A vacant parcel of land 100x100 feet at the northeast corner of Twenty-third street and Twenty-fifth avenue. Assessed value, 1929, $12,000; 1930, $19,500; 1931, $22,000. Title vested in city of New York, January 14, 1931. Owner's estimate at rate of $4 a square foot, $48,400. City's experts: Mr. Terry, at $2 a square foot, plus plottage and corner allowance, $24,200; Mr. Sheridan, $23,100. Award, $30,000.

Damage Parcel No. 62 — A plot 25x100 feet and a two-story two-family, brick dwelling abutting the westerly side of Twenty-fourth (Holland) street. Assessed value, 1931, $11,300; 1932, $10,500; 1933, $9,800. Title vested in city of New York, September 15, 1933. Claimant's estimate at rate of $2.25 a square foot: Land, $5,625; improvements, $13,000; total, $18,625. City's estimates: Mr. Terry, land at the rate of $1.25 a square foot, $3,125; improvements, $10,000; total, $13,125. Mr. Sheridan, total, $12,625. This house is semi-detached. The city purchased, 1931, the three semi-detached adjoining houses, built at the same time, two for $16,800 each, and one for $17,800. These and similar houses sold new, 1927, for $14,500 to $15,000. In 1929 the builders sold some for as low as $12,500. Some of the home owners added improvements. The city took these titles as of September 15, 1933. Award, $15,000.

Damage Parcel No. 66 — A plot 20x100 feet and two-story tax-payer abutting the northerly side of Twenty-fifth avenue, twenty feet west of Twenty-fourth street. It developed on the trial that this property, together with the building thereon, was sold to the present claimant by deed dated December 5, 1927, recorded December 8, 1927, in liber 3126, Conveyances, page 128751, for a consideration of $17,000. Assessed value, 1931, $14,000; 1932, $14,000; 1933, $14,000. Title vested in city of New York September 15, 1933. Claimant's estimate at rate of $3.30 a square foot: Land, $6,600; improvement, $13,000; total $19,600. City's estimate, $14,500. There were five similar buildings at this point. The city bought the corner, February 27, 1931, for $21,500; three inside buildings, November 1, 1930, for $51,000, or $17,000 each. On damage parcel 66 the owner had constructed a one-story brick extension. Award, $16,000.

Damage Parcel No. 68 — A plot 24.58x100 feet in depth and a two-story, semi-detached, two-family brick dwelling, abutting the easterly side of Twenty-fourth street, north of Twenty-fifth avenue. Assessed valuation, 1931, $10,500; 1932, $9,500; 1933, $9,000. Title vested September 15, 1933. Owner's estimate, at rate of $2.25 a square foot: Land, $5,530.50; improvements, $12,500; total, $18,030.50. City's estimate, at $1.25 a square foot: Land, $3,072; improvements, $9,750; total $12,822. Award, $14,000.

Damage Parcel No. 69 — Plot 34.58x100 feet in depth, and a two-story, semi-detached, two-family, brick dwelling, abutting the westerly side of Twenty-fifth (Crescent) street. Assessed valuation, 1931, $10,500; 1932, $9,500; 1933, $9,000. Title vested in city of New York September 15, 1933. Claimant's estimate, at rate of $2.25 a square foot: Land, $5,530.50; improvement, $12,500; total, $18,030.50. City's estimates: Mr. Terry, land at $1.25 a square foot, $3,072; improvement, $9,750; total $12,822. Mr. Sheridan, total, $12,572. Award, $14,000.

Damage Parcel No. 70 — Practically the same as damage parcel No. 65; same vesting, same assessed values; owner's estimate, at rate of $2.25 a square foot: Land, $5,531.50, improvements, $12,500, total, $18,031.50. City's estimate, $12,822. Award, $14,000.

Damage Parcel No. 71 — Practically the same as damage parcel No. 59; same vesting, same assessed values; owner's estimate at $2.25 a square foot: Land, $5,530.50; improvements, $13,000; total, $18,530.50. City's estimates: Mr. Terry, total, $12,822; Mr. Sheridan, $12,572. Award, $14,000.

Damage Parcel No. 72 — Practically the same as damage parcels Nos. 68 and 70; same date of vesting; same assessed value; owner's estimate at $2.25 a square foot: Land, $5,530.50; improvements, $12,600; total $18,130.50. City's estimates: Mr. Terry at $1.25 a square foot: Land, $3,072; improvements, $9,750; total, $12,822. Mr. Sheridan: total, $12,572. Award, $14,000.

Damage Parcel No. 73 — Same as Nos. 69 and 71; same dates of vesting; same assessed values. Owner's estimate at $2 a square foot: Land, $4,916; improvements, $12,500; total, $17,416. City's experts: Mr. Terry, at $1.25 a square foot: Land, $3,072; improvements, $9,750; total, $12,822. Mr. Sheridan, total, $12,572. Award, $14,000.

Damage Parcel No. 74 — A parcel 30x100 feet in depth and a two-story, semi-detached, two-family brick dwelling abutting the easterly side of Twenty-fourth street, 100 feet north of Twenty-fifth avenue. Assessed valuation: 1931, $11,000; 1932, $10,000; 1933, $9,500. Title vested in city of New York September 15, 1933. Owner's estimate at rate of $2 a square foot: Land, $6,000;

improvements, $12,500; total, $18,500. City's estimate, at $1.25 a square foot: Land, $3,750; improvements, $9,750; total, $13,500. Award, $14,500.

Damage Parcel No. 75 — A parcel of land 30x100 feet in depth, abutting the westerly side of Twenty-fifth street, and a two-story, semi-detached, two-family brick dwelling. Assessed valuation: 1931, $11,000; 1932, $10,000; 1933, $9,500. Owner's estimate, at $2 a square foot: Land, $6,000; improvements, $12,500; total, $18,500. City's estimate, at $1.25 a square foot: Land, $3,750; improvements, $9,750; total, $13,500. Award, $14,500.

Damage Parcel Nos. 76 to 83, inclusive — A vacant parcel of land having a frontage of 200 feet on Twenty-fifth (Hoyt) avenue, and a depth of 100 feet on Twenty-fourth (Howland) street and Twenty-fifth (Crescent) street. Ten average city lots. Assessed values, 1929, $25,500; 1930, $41,500; 1931, $48,500. Title vested in city of New York January 14, 1931. Claimant's expert estimates at rate of $3.83 a square foot, $76,000. City estimates: Mr. Terry, $57,751; Mr. Sheridan, $45,625. Award, $66,000.

Damage Parcel No. 84 — A plot 23.5x100 feet in depth and a two-story, semi-detached, two-family brick dwelling abutting the easterly side of Twenty-fifth (Crescent) street, north of Twenty-fifth (Hoyt) avenue. Assessed valuation, 1931, $10,500; 1932, $9,500; 1933, $9,000. Title vested in city of New York September 15, 1933. Owner's estimate at $2.25 a square foot: Land, $5,287.50; improvements, $12,500; total, $17,787.50. City's expert: Land at $1.25 a square foot, $2,957; improvements, $9,750; total, $12,687. Award, $14,000.

Damage Parcel No. 85 — A plot 23.5x100 feet in depth and a two-story, semi-detached, two-family brick dwelling, abutting the westerly side of Merchant (Kindred) street, north of Twenty-fifth avenue. Same assessed values, same date title vesting, same owner's estimate and city's estimates as damage parcel No. 84. Award, $14,000.

Damage Parcel No. 86 — A parcel 23.5x100 feet in depth, and two-story, semi-detached, two-family brick dwelling abutting the easterly side of Twenty-fifth (Crescent) street, north of Twenty-fifth (Hoyt) avenue: Assessed value, 1931, $10,500; 1932, $9,500; 1933, $9,000. Title vested in city of New York September 15, 1933. Owner's estimate at $2.25 a square foot: Land, $5,287.50; improvements, $12,000; total, $17,287.50. City's estimate at $1.25 a square foot: Land, $2,937; improvements, $9,750; total, $12,687. Award, $14,000.

Damage Parcel No. 87 — A plot 23.5x100 feet in depth abutting westerly side of Merchant (Kindred) street, north of Twenty-fifth

(Hoyt) avenue, and a two-story, semi-detached, two-family brick dwelling. Assessed value, 1931, $10,500; 1932, $9,500; 1933, $9,000. Title vested in city of New York September 15, 1933. This parcel was unrepresented. City's estimate at $1.25 a square foot: Land, $2,937; improvements, $9,750; total, $12,687. Award, $14,000.

Damage Parcel No. 88 — A plot 23.5x100 feet in depth, and a two-story, semi-detached, two-family, brick dwelling abutting the easterly side of Twenty-fifth street, north of Twenty-fifth avenue. Assessed value, 1931, $10,500; 1932, $9,500; 1933, $9,000. Title vested in city of New York September 15, 1933. Owner's estimate at $2.25 a square foot: Land, $5,287.50; improvements, $12,750; total, $18,037.50. City's estimate at $1.25 a square foot: Land, $2,937; improvements, $9,750; total, $12,687. Award, $14,000.

· Damage Parcel No. 89 — Plot 23.5x100 feet in depth and a two-story, semi-detached, two-family, brick dwelling, abutting westerly side of Merchant street, north of Twenty-fifth avenue. Title vested in city of New York September 15, 1933. Assessed value, 1931, $10,500; 1932, $9,500; 1933, $9,000. Owner's estimate at $2.25 a square foot: Land, $5,287.50; improvements, $12,500; total, $17,787.50. City's estimate at $1.25 a square foot: Land, $2,937; improvements, $9,750; total, $12,687. Award, $14,000.

Damage Parcel No. 90 — Plot 33.50x100 feet in depth and a two-story, two-family, brick dwelling, abutting easterly side of Twenty-fifth street, 100 feet north of Twenty-fifth avenue. Larger plot, house fully detached. Assessed value, 1931, $11,000; 1932, $11,000; 1933, $9,500. Title vested in city of New York September 15, 1933. Claimant's estimate at $2 a square foot: Land, $6,700; improvements, $14,000; total, $20,700. City's estimates: Mr. Terry, at $1.25 a square foot: Land, $4,187; improvements, $10,250; total, $14,437. Mr. Sheridan: Total, $14,187. Award, $16,000.

Damage Parcel No. 91 — Plot 33.50x100 feet in depth, and two-story, two-family, brick dwelling, abutting westerly side of Merchant street, 100 feet north of Twenty-fifth avenue. Title vested in city of New York September 15, 1933. Assessed value, 1931, $11,000; 1932, $10,000; 1933, $9,500. Claimant's estimate at $2.25 a square foot: Land, $7,537.50; improvements, $13,500; total, $21,037.50. City's estimate at $1.25 a square foot: Land, $4,187; improvements, $10,250; total, $14,437. Award, $16,000.

Damage Parcel Nos. 92 to 99, inclusive — Vacant parcel of land abutting the north side of Twenty-fifth avenue, having a frontage of 200 feet on Twenty-fifth avenue and a depth of 100 feet on Twenty-fifth and Merchant streets. Assessed valuation, 1929, $30,000; 1930, $47,500; 1931, $52,500. Title vested January 14,

1931. Owner's estimate at $4.11 a square foot, $82,225. City's estimates: Mr. Terry, $63,595; Mr. Sheridan, $52,124. Award, $75,000.

Damage Parcel No. 100 — A plot 24.58x100 feet in depth, and a two-story, semi-detached, two-family, brick dwelling, abutting the easterly side of Merchant street, north of Twenty-fifth avenue. Title vested September 15, 1933. Assessed valuations, 1931, $10,500; 1932, $9,500; 1933, $9,000. Owner's estimate at $2.25 a square foot: Land, $5,530; improvements, $10,785.40; total, $16,315.40. City's estimate at $1.25 a square foot: Land, $3,072; improvements, $9,750; total, $12,822. Award, $14,000.

Damage Parcel No. 101 — Same as damage plot No. 100 as far as size, title vesting, improvements and assessed values. Owner's estimate at $2.25 a square foot: Land, $5,530.50; improvements, $12,500; total, $18,030.50. City's estimate at $1.25 a square foot: Land, $3,072; improvements, $9,750; total, $12,822. Award, $14,000.

Damage Parcel No. 102 — Same as damage parcel No. 101 in size of plot, improvements, assessed value and title vesting. Owner's estimate at $2 a square foot: Land, $4,916; improvements, $15,000; total, $19,916. City's estimate at $1.25 a square foot: Land, $3,072; improvements, $9,750; total, $12,822. Award, $14,000.

Damage Parcel No. 103 — Plot 30.04x100 feet, and two-story, semi-detached, two-family, brick dwelling, abutting the easterly side of Merchant street 100 feet north of Twenty-fifth avenue. Assessed value, 1931, $11,000; 1932, $10,000; 1933, $9,500; title vested September 15, 1933. Owner's estimate at $2.50 a square foot: Land, $7,510; improvements, $13,000; total, $20,510. City's expert at $1.25 a square foot: Land, $3,755; improvements, $9,750; total, $13,505. Award, $14,500.

Damage Parcel No. 104 — After the taking there is a remainder. Decision is, therefore, withheld by the court pending the taking of additional testimony. See memoranda under Damage Parcel No. 56.

Damage Parcel Nos. 105 and 106 — Plot 85x100 feet in depth and two four-story apartment houses, built in 1928, abutting the westerly side of Twenty-seventh (Goodrich) street, 100 feet north of Twenty-fifth avenue. Assessed value, 1931, $120,000; 1932, $120,000; 1933, $120,000. Title vested in city of New York September 15, 1933. Claimant's estimates at $2.50 a square foot: Land, $23,375; improvements, $130,000; total, $153,375. City's estimates: Mr. Terry at $1.75 a square foot: Land, $14,874; improvements, $92,982; total, $107,856; Mr. Sheridan, at $1.62½ a square

foot: Land, $13,812; improvements, $92,500; total, $106,312.    The claimant purchased damage parcel No. 106 before the building was erected by deed dated March 14,1928, recorded March 15, 1928, in liber 3155, Conveyances, page 21800, for a consideration of $7,000.    In 1929 a title company loaned $90,000 on first mortgage on this property.    Subsequent mortgages total $17,500.    Unpaid taxes due city date of vesting, $9,000.    Award, $120,000.

Damage Parcel No. 107 — A plot 80x100 feet at the northeast corner of Merchant street and Twenty-fifth avenue and a small frame garage.    Assessed value, 1929, $12,000; 1930, $22,000; 1931, $22,000.    Title vested January 14, 1931.    Owner's estimate at $4.25 a square foot: Land, $34,000; improvements, $150; total, $34,150.    City's estimates, Mr. Terry: Land, $25,987; improvements, $100; total, $26,087.    Mr. Sheridan: Land, $23,625; improvements, $150; total, $23,775.    Award, $32,000.

Damage Parcel No. 108 — A plot 60x100 feet abutting the north side of Twenty-fifth avenue, sixty feet west of Twenty-seventh street and a four-story, twenty-one-year-old tenement house, cold water, lavatories in halls, no baths.    Assessed value, 1931, $62,000; 1932, $62,000; 1933, $62,000.    Title vested in city September 15, 1933.    Owner's estimate at the rate of $4 a square foot: Land, $26,400; improvements, $72,000; total, $98,400.    City's experts: Mr. Terry, at $2.75 a square foot: Land, $16,500; improvements, $38,220; total, $54,720.    Mr. Sheridan, at $2.50 a square foot: Land, $15,000; improvements, $37,500; total, $52,500.    Award, $62,000.

Damage Parcel No. 111 — A corner plot, 25x100 feet and an old four-story, brick store and cold water flat, situate at the northeast corner of Twenty-seventh street and Twenty-fifth avenue. Assessed value, 1931, $25,000; 1932, $25,000; 1933, $25,000.    Title vested September 15, 1933.    Claimant's estimate at rate of $6 a square foot: Land, $15,000; improvements, $33,687.50; total, $48,687.50.    City's estimate: Land, $10,312; improvements, $17,768; total, $28,080.    Award, $30,000.

Damage Parcel No. 112 — Plot 25x100 feet, and two one-story frame structures abutting the north side of Twenty-fifth avenue, twenty-five feet east of Twenty-seventh (Goodrich) street. Assessed value, 1931, $6,000; 1932, $6,200; 1933, $6,200.    Title vested September 15, 1933.    Claimant's estimate at $4 a square foot: Land, $10,000; improvements ,$3,970; total, $13,970.    City's estimates: Mr. Terry, at $2.75 a square foot: Land, $6,875; improvements, $500; total, $7,375.    Mr. Sheridan, at $2.50 a square foot: Land, $6,250; improvements, $500; total, $6,750.    Award, $8,500.

Damage Parcel Nos. 115, 116, 117 and 118 — Withheld.    See memorandum under Damage Parcel No. 56.

Damage Parcel No. 121 — Plot 27.50x100 feet in depth, on the north side of Twenty-ninth (Lawrence) street, 100 feet north of Twenty-fifth avenue, and a three-story, six-family, brick dwelling. Assessed value, 1931, $27,000; 1932, $26,000; 1933, $23,000. Title vested September 15, 1933. Claimant's estimate, at $2.75 a square foot: Land, $7,493.75; improvements, $25,000; total, $32,493.75. City's estimate: Mr. Terry, at $2 a square foot: Land, $5,500; improvements, $19,484; total, $24,984. Mr. Sheridan, at $1.75 a square foot: Land, $4,812; improvements, $19,000; total, $23,812. Award, $26,000. The city purchased the two similar adjoining houses in February and March, 1932, for $29,500 each.

Damage Parcel No. 122 — A plot having a frontage of fifty feet on Twenty-fifth avenue and one hundred feet on Twenty-ninth street, together with two semi-detached, two-family, brick dwellings. Assessed value, 1931, $28,000; 1932, $28,000; 1933, $27,000. Title vested September 15, 1933. Claimant's estimate, at $4 a square foot: Land, $28,600; improvements, $16,000: total, $44,600. City's estimate, at $3 a square foot inside and $4.50 for corner: Land, $18,750; improvements, $9,600; total, $28,350. Award, $30,000.

The last square block of this taking is planned to be used as part of the plaza entrance to the bridge. On it is to be located the toll booths. The parcels colored green were purchased direct by the city in 1931 and 1932 as indicated.

Title to the remaining parcels for which awards are here made vested in the city September 15, 1933.

On the elevated railroad structure on Thirty-first street (Second avenue) run the rapid transit lines of the Interborough to Manhattan direct, via Forty-second street or Steinway Tunnels, the Brooklyn-Manhattan Transit to Manhattan, via connection with the Sixtieth street tunnels at Queensboro Bridge Plaza and Second Avenue Manhattan elevated direct via upper level of the Queensboro Bridge. An important station is located at Hoyt avenue.

The lots facing Hoyt avenue on the block are the best business properties in this taking.

Damage Parcel Nos. 123 and 124 — Plot fifty feet on Twenty-fifth avenue, one hundred feet in depth along Twenty-ninth street, and a four-car, metal garage, and two-story, two-family frame dwelling, located at the northeast corner of Twenty-ninth street and Twenty-fifth avenue. Assessed value: 1931, $30,500; 1932, $26,000; 1933, $26,000. Title vested in city of New York, September 15, 1933. Claimant's experts at $6.07 a square foot: Land, $30,387.50; improvements, $6,000; total, $36,387.50. City's estimates: Mr. Terry: Land, $20,312; improvements, $3,100; total, $23,412. Mr. Sheridan: Land, $20,312; improvements, $2,600;

total, $22,912. This corner plot, 50x100 feet, is appraised by both city experts below the assessed value. In 1931 and 1932 the city purchased 50x100 inside plot about adjoining damage parcels Nos. 126, 127 and 128 for $42,500; assessed value dates of purchase, $28,000. The buildings on the block are all very old frame structures, of little value. Award, $32,000.

Damage Parcel No. 125 — A parcel 16.8 feet along Twenty-fifth avenue, and depth of 100 feet, improved, with a two-story, semi-detached, two-family frame dwelling. Assessed value: 1931, $10,000; 1932, $8,000; 1933, $8,000. Title vested in city of New York, September 15, 1933. Owner's estimate at $8 a square foot: Land, $13,440; improvements, $3,500; total, $16,940. City's experts' estimates: Mr. Terry, at $3.25 a square foot: Land, $5,460; improvements, $1,000; total, $6,460. Mr. Sheridan, at $3 a square foot: Land, $5,001; improvements, $1,200; total, $6,201. Both city appraisers place a value below the assessed value notwithstanding that the city purchased six of these old frame houses on this block, damage parcel No. 127, in December, 1931, for $13,500; damage parcel No. 128, April, 1931, for $15,500; damage parcel No. 126, March, 1932, for $13,500; damage parcel No. 129, March, 1932, $13,750; damage parcel No. 132, March, 1932, for $20,250, and damage parcel No. 133, May, 1932, for $16,200. Award, $12,000.

Damage Parcel No. 130 — A plot having a frontage of 16.8 feet on Twenty-fifth avenue, and a depth of 100 feet, together with a two-story, semi-detached, two-family frame dwelling. Assessed value: 1931, $10,000; 1932, $8,000; 1933, $8,000. Title vested in city of New York, September 15, 1933. Claimant's estimate, at rate of $8 a square foot: Land, $13,440; improvements, $3,000; total, $16,440. City's estimates: Mr. Terry, at $4 a square foot: Land, $6,720; improvements, $1,000; total, $7,720. Mr. Sheridan, at $3.75 a square foot: Land, $6,256; improvements, $1,200; total, $7,456. Award, $12,000.

Damage Parcel No. 131 — A plot having a frontage of 25 feet on Twenty-fifth avenue, a depth of 100 feet, and a two-story, semi-detached, two-family frame dwelling. Assessed value: 1931, $14,500; 1932, $12,500; 1933, $12,500. Title vested in city of New York, September 15, 1933. Claimant's estimate at $8 a square foot: Land, $20,000; improvements, $4,500; total, $24,500. City's estimates are alike at $4 a square foot: Land, $10,000; improvements, $2,500; total, $12,500. Award, $16,000.

Damage Parcel Nos. 134, 135, 136, 137 and 138 — This property, which is situate at the northwest corner of Twenty-fifth avenue and Thirty-first street (Second avenue), has a frontage of 75 feet on the

former and 118.42 feet on the latter. The improvements consist of five two-story, frame buildings and a one-story metal building. Assessed value: 1931, $66,000; 1932, $54,500; 1933, $54,500. Title vested in city of New York, September 15, 1933. Claimant's estimate at $9.48 a square foot: Land, $87,669.05; improvements, $25,500; total, $113,169.05. City's estimates: Mr. Terry: Land, $56,505; improvements, $10,200; total, $66,705. Mr. Sheridan: Land, $45,409; improvements, $12,350; total, $57,759. Award, $75,000.

Damage Parcel No. 139 — A plot having a frontage of 17 feet on the westerly side of Thirty-first street, a depth of 75 feet, and a two-story, frame dwelling, approximately 118 feet north of Twenty-fifth avenue. Assessed value: 1931, $9,000; 1932, $9,000; 1933, $9,000. Title vested in city of New York, September 15, 1933. Claimant's estimate at $6 a square foot: Land, $9,690; improvements, $6,714.50; total, $16,404.50. City's experts: Mr. Terry, at $4.25 a square foot: Land, $6,864; improvements, $3,000; total, $9,864. Mr. Sheridan, at $4 a square foot: Land, $6,460; improvements, $3,250; total, $9,710. Award, $11,000.

Damage Parcel No. 140 — A plot approximately 18 feet by 95 feet in depth on west side of Thirty-first street, north of Twenty-fifth avenue, and two-story, two-family frame dwelling. Assessed value: 1931, $10,500; 1932, $9,500; 1933, $9,500. Title vested in city of New York, September 15, 1933. Claimant's estimate at $6 a square foot. Land, $10,362; improvements, $10,147; total, $20,509. City's expert, at $4 a square foot: Land, $6,908; improvements, $3,600; total, $10,508. Award, $11,000.

Damage Parcel No. 141 — A parcel having a frontage of 25 feet, a depth of 95 feet, and a two-story, two-family, frame dwelling, abutting the west side of Thirty-first street, north of Twenty-fifth avenue. Assessed value: 1931, $13,000; 1932, $12,000; 1933, $12,000. Title vested in city of New York, September 15, 1933. Owner's estimate, at $6 a square foot: Land, $14,250; improvements, $8,889; total, $23,139. City's estimates: Mr. Terry, at $3.75 a square foot: Land, $8,906; improvements, $3,500; total, $12,406. Mr. Sheridan: Land, $8,906; improvements, $3,250; total, $12,156. Award, $12,000. The city purchased damage parcel No. 142, January, 1931, for $12,500; damage parcel No. 143, July 1, 1931, for $10,000, and damage parcel No. 144, June, 1931, for $10,000 — all old, frame, private houses. The condition of houses and width of lots varied. The elevated railroad runs in front of these houses.

Damage Parcel No. 145 — A parcel having a frontage of approximately 16 feet, a depth of 95 feet, and a two-story, two-family, frame dwelling, 50 feet south of Leininger place. Assessed value,

1931, $9,000; 1932, $8,800; 1933, $8,800. Title vested in city of New York, September 15, 1933. Claimant's estimate, at $6 a square foot: Land, $9,594; improvements, $7,114.50; total, $16,708.50. City's estimate, at $3.25 a square foot: Land, $5,196; improvements, $3,100; total, $8,296. Award, $10,000.

Damage Parcel No. 146 — A plot 25x95 feet in depth, and a two-story frame dwelling abutting the westerly side of Thirty-first street, 25 feet south of Leininger place. Assessed value: 1931, $11,000; 1932, $11,000; 1933, $11,000. Title vested in city of New York, September 15, 1933. Claimant's estimate, at $5.50 a square foot: Land, $13,062.50; improvements, $4,000; total, $17,062.50. City estimates: Mr. Terry, at $3.25 a square foot: Land, $7,719; improvements, $3,000; total, $10,719. Mr. Sheridan, at $3.15 a square foot: Land, $7,481; improvements, $3,150; total, $10,631. Under date of January 9, 1931, deed recorded January 22, 1931, in liber 3455, Conveyances, page 357, the city of New York purchased at private sale damage parcel No. 147 for a consideration of $10,500. This was a corner plot, the only improvement being an old concrete foundation. There was a frame house on parcel No. 146. Award, $11,500.

Damage Parcel Nos. 161 and 179 — A vacant parcel of land having a frontage of 170 feet along the easterly side of Twenty-ninth street, and a uniform depth of 100 feet along Leininger place and Union place. Assessed value: 1929, $22,000; 1930, $43,000; 1931, $49,000. Title vested in city of New York, January 14, 1931. Claimant's estimate, at $3.23 a square foot, $55,000. City's experts: Mr. Terry, $39,600; Mr. Sheridan, $34,925. Award, $50,000.

Damage Parcel No. 163 — A parcel having a frontage of 25 feet on Leininger place and a depth of 95 feet, improved, with a two-story, semi-detached, brick, four-family dwelling. Good new houses. Assessed value: 1931, $15,000; 1932, $18,500; 1933, $18,500. Title vested in city of New York, September 15, 1933. Owner's estimate at rate of $2.25 a square foot: Land, $5,231.25; improvements, $18,000; total, $23,231.25. City's estimates: Mr. Terry, at $2.25 a square foot: Land, $5,231; improvements, $14,500; total, $19,731. Mr. Sheridan, at $1.75 a square foot: Land, $4,069; improvements, $13,500; total, $17,569. The city purchased the other two similar houses, damage parcel Nos. 162 and 165, April, 1931, for $23,000 each. Award, $20,000.

Damage Parcel No. 164 — A parcel having a frontage of 25 feet on Leininger place, a depth of 95 feet, improved, with two-story, semi-detached, four-family, brick dwelling. Assessed value: 1931, $15,000; 1932, $18,500; 1933, $18,500. Title vested in city of

New York, September 15, 1933. Owner's estimate at rate of $3.25 a square foot: Land, $7,556.25; improvements, $20,000; total $27,556.25. City's estimates: Mr. Terry, at $2.25 a square foot: Land, $5,231; improvements, $14,500; total, $19,731. Mr. Sheridan, at $1.75 a square foot: Land, $4,069; improvements, $13,500; total, $17,569. Award, $20,000.

Damage Parcel No. 167 — A parcel of land situate at the northwest corner of Leininger place and Thirty-first street, having a frontage of 66.7 feet on the former and 20 feet on the latter, together with a three-story brick building, having a store on the first floor, and a six-room and bath apartment on the second and third floors. The store was vacant for many years. Assessed value: 1931, $14,000; 1932, $14,000; 1933, $14,000. Title vested in city of New York, September 15, 1933. Claimant's estimate, at $9 a square foot: Land, $12,522.60; improvements, $20,500; total, $33,022.60. City's estimates: Mr. Terry, at $4.50 a square foot: Land, $6,259; improvements, $12,000; total, $18,259. Mr. Sheridan, at $3 a square foot: Land, $4,173; improvements, $11,000; total, $15,173. Award, $19,000.

Damage Parcel No. 171 — Abuts the westerly side of Thirty-first street, north of Leininger place, having a frontage of twenty feet and improved with two-story, semi-detached, two-family, brick dwelling. Assessed value: 1931, $11,000; 1932, $11,000; 1933, $11,000. Title vested in city of New York, September 15, 1933. Owner's estimate, at $3.50 a square foot: Land, $6,475; improvements, $10,500; total, $16,975. City's estimate: Mr. Sheridan, at $3 a square foot: Land, $5,553; improvements, $5,000; total, $10,553. In April, 1931, the city purchased the adjoining house, damage parcel No. 170, similar to damage parcel No. 171, for $12,000. Award, $11,000.

Damage Parcel No. 172 — Abuts westerly side of Thirty-first street, north of Leininger place, having a frontage of twenty feet, and improved with two-story, semi-detached, two-family, brick dwelling. Assessed value: 1931, $10,500; 1932, $10,500; 1933, $10,500. Title vested in city of New York, September 15, 1933. Claimant's expert, at rate of $5 a square foot: Land, $9,828; improvements, $12,307; total, $22,135. City's expert: Mr. Sheridan, at $3 a square foot: Land, $5,898; improvements, $5,000; total, $10,898. Similar to damage parcel No. 171, except little deeper lot. Award, $11,000.

Damage Parcel No. 174 — A parcel having a frontage of twenty feet abutting the west side of Thirty-first street, north of Leininger place, improved with two-story, semi-detached, two-family, brick dwelling. Assessed value: 1931, $10,500; 1932, $10,500; 1933,

$10,500. Title vested in city of New York, September 15, 1933. Claimant's estimate, at $3.30 a square foot: Land, $7,243.50; improvements, $8,250; total, $15,493.50. City's estimate, at $3 a square foot: Land, $6,586; improvements, $5,000; total, $11,586. Award, $12,000.

Damage Parcel No. 175 — Abuts west side of Thirty-first street, north of Leininger place, a parcel having a frontage of twenty feet and improved with a two-story, semi-detached, two-family, brick dwelling. Assessed value: 1931, $10,500; 1932, $10,500; 1933, $10,500. Title vested in city of New York, September 15, 1933. Owner's estimate at $3.50 a square foot: Land, $8,085; improvements, $10,500; total, $18,585. City's estimate, at $3 a square foot: Land, $6,930; improvements, $5,000; total, $11,930. Award, $12,000.

Damage Parcel No. 176 — Abuts southerly side of Union place, 150 feet east of Twenty-ninth street, having a frontage of 29.42 feet, and improved with a two-story, four-family, brick dwelling. Assessed value: 1931, $13,500; 1932, $15,000; 1933, $15,000. Title vested in city of New York, September 15, 1933. Owner's estimate at $2.25 a square foot: Land, $6,930; improvements, $22,500; total, $29,430. City's estimate at $1.75 a square foot; Land, $5,447; improvements, $14,500; total, $19,947. Award, $20,000.

Damage Parcels Nos. 176, 177 and 178 are three good houses on a poor street not cut through to Second avenue.

Damage Parcel No. 177 — A parcel having a frontage of 25 feet and a depth of 77 feet, improved with two-story, semi-detached, brick dwelling, abutting the southerly side of Union place, 125 feet east of Twenty-ninth street. Assessed value: 1931, $13,000; 1932, $13,000; 1933, $13,000. Title vested September 15, 1933. Owner's estimate at $2 a square foot: Land, $3,850; improvements, $15,000; total, $18,850. City's experts: Mr. Terry, at $1.75 a square foot: Land, $3,369; improvements, $11,500; total, $14,869. Mr. Sheridan: Land, $3,369; improvements, $10,500; total, $13,869. It was brought out on the trial that the present claimant purchased this property by deed dated November 4, 1927, recorded November 9, 1927, in liber 3115, Conveyances, page 118238, for a consideration of $19,500. At the time of sale the building was new. Award, $16,000.

Damage Parcel No. 178 — Lot 25x77 feet in depth, improved with a two-story, semi-detached, brick dwelling abutting the southerly side of Union place, 100 feet east of Twenty-ninth street. Assessed value: 1931, $13,000; 1932, $13,000; 1933, $13,000. Title vested September 15, 1933. Owner's estimates at the rate of $2 a square foot: Land, $3,850; improvements, $15,250; total, $19,100. City's

experts: Mr. Terry, at $1.75 a square foot: Land, $3,369; improvements, $11,500; total, $14,869. Mr. Sheridan: Land, $3,369; improvements, $10,500; total, $13,869. Award, $16,000.

Damage Parcel Nos. 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 246, 247, 248, 249, 250, 251, 252, 253, 254, 258, 259, 260, 261, 262, 263, 264, 265, 266 — Bed of street. Awards, six cents each.

Owners of thirty-seven houses on both sides of Merchant street, between Twenty-fourth (Woolsey) avenue and Twenty-fifth (Hoyt) avenue, filed claims for damages totaling $45,640, their contention being that the taking closed off the westerly exits to the street from their auto driveways in the rear of their properties. The city offered the testimony of the engineer in charge of planning at this point to the effect that access exactly like that now existing will be provided at the same grade and width to the same streets. (See Exhibit A of May 20, 1934.)

These claims are, therefore, disallowed.

The claim of Alia and Latono, owners of the property known as No. 24–64 Merchant street, covering the cost of stuccoing the southerly wall of the two-family brick dwelling thereon, is disallowed. This part of the wall, for which this claimant asks damage, is on city property.

Although fixture claims amounting to $22,117.39 were filed by claimants, the city put in no testimony whatever as to the value of said fixtures. The city examined these claimants in 1931 at the office of the corporation counsel. The court inspected and examined the fixtures in each case. The following list shows the name, address, damage parcel, amount claimed, and the court's award in each case:

Roccoforte, 23–17 Twenty-fifth avenue, 56, $2,333.11, $1,800; Martinetti, 27–09, Twenty-fifth avenue, 114, $775.50, $500; Kuhne, 27–17 Twenty-fifth avenue, 114, $2,504.80, $1,400; Eamuale, 27–19 Twenty-fifth avenue, 114, $813, $500; Stella, 27–23 Twenty-fifth avenue, 114, $974.50, $500; Eisenberg, 27–25 Twenty-fifth avenue, 114, $3,364, $1,800; Slavin, 28–01 Twenty-fifth avenue, 117, $4,403.15, $3,500; Marani, 28–09 Twenty-fifth avenue, 117, $2,241.50, $1,500; Chitjian, 28–15 Twenty-fifth avenue, 117, $1,700.75, $1,200; DiSalvo, 28–19 Twenty-fifth avenue, 117, $1,439.55, $1,000; Cozza, 29–27 Twenty-fifth avenue, 136, $1,567.53, $1,100.

These awards are made subject to chattel mortgages, if any.

Edward A. Weiss presents a claim for $809 in this proceeding, based on the following facts:

In December, 1926, the Weelin Holding Corporation commenced the construction of four houses on what is now damage parcels Nos. 162, 163, 164 and 165. The houses were completed January 6, 1927. The claimant, as a plumber and as an officer of the Weelin Holding Corporation, attempted to induce the bureau of sewers of the borough of Queens to construct a sewer in Leininger place, so that these four houses might have sewer connections. Such attempt was unsuccessful. The claimant then proceeded to construct a private sewer under the provisions of section 395 of the Greater New York Charter.

He secured the required consents and duly complied with all the rules and regulations in the building of such private sewer, which cost a total of $1,561.83. He claims that the drainage area of benefit for this sewer comprises 19,300 square feet, 9,300 being the property upon which the four houses are built, and the remaining 10,000 feet the southeasterly half of what is now damage parcels Nos. 157 to 160, inclusive, the property directly across the street from the four houses. Had the owner of this vacant land built thereon, he could, under section 395 of the charter, connect his house or houses with this private drain upon payment of his proportionate share of its cost to the claimant. No house was ever constructed on this land and the city of New York purchased it from the owner as part of the land needed for the bridge approach.

The claimant computes the cost of drainage area per square foot at $.0809. He says he has been paid by the owners of the four houses built by the Weelin Holding Corporation the sum of $752.37, and that there remains the area of 10,000 square feet for which he has not been paid and which amounts to $809, the sum sought by him in this proceeding.

At the time the claimant built this private drain he had no assurance that the land on the south side of Leininger place would ever be built upon. Furthermore, the owner of such land was not compelled to connect with claimant's sewer. It is quite possible that he could have connected with the sewer in Lawrence street, now Twenty-ninth street, upon which these 200-foot lots faced. The benefit sought and received by the claimant when he constructed this drain was the furnishing of sewer connections to the houses built by his corporation, in the construction of which he was doing the plumbing work.

Claimant calls attention to section 395 of the charter that " said sewer shall be deemed the private property of the persons who shall have paid for its construction until the owners of all the property abutting on that part of the street * * * shall have

paid their several shares of the cost of the construction of said sewer," and claims that he had an " easement in gross " in damage parcels Nos. 258 to 262, inclusive, and 265. This, the claimant contends, was a private property right worth the sum of $899.

Assuming that this drain were the claimant's private property, the only beneficial interest in it retained by him was the possibility that the owner of other property on Leininger place might build, and wish to connect with this drain, whereupon such owner would have to pay to the claimant his proportionate part of the cost of the drain. The claimant contends that the taking by the city of this land removes this possibility and prevents the claimant from ever obtaining reimbursement from owners of other property on Leininger place.

The court cannot base an award on any such nebulous interest, and the claim is, therefore, disallowed.

Number of improved and vacant damage parcels, 266; number of parcels the owners of which claim damage by reason of alleged interference with use of motor driveway, 37; claims for party wall repairs, 1; number of fixture claims, 11. Total number of parcels, 315.

Number of damage parcels for which awards are here made, 208; number of damage parcels upon which decision is here reserved for further proof, 8; number of damage parcels purchased direct by city, 99. Total, 315.

Amount city paid for 99 Queens parcels directly purchased, $1,121,900. Claimants' estimates on damage parcels decided, $2,398,338.18. City's estimate on damage parcels decided, including fixtures, $1,506,702. Court's award on damage parcels decided, $1,670,150.

In considering the foregoing awards, one must have in mind that in the years 1930, 1931 and 1932 the city purchased 99 parcels in this taking by direct negotiation at prices in most instances far in excess of not only the assessed value, but of the city's experts' present appraised values of similar parcels here taken. Also that the vesting of title in the city was done by resolution of the board of estimate as of three different dates — January 14, 1931, April 1, 1931, and September 15, 1933 — and values must here be fixed as of these dates as they apply.

As to the awards made to most of the owners of two-story, two-family houses, the amounts fixed by the court for the September 15, 1933, taking is substantially less than that paid by the city in its direct purchases, in 1930, 1931 and 1932, of, in many instances, adjoining houses.

On the other hand, the awards are substantially higher than the estimates of value of the city's experts for the properties here taken.

The city experts base their estimates of value of these small homes on the prices for which a number of similar houses in the same blocks were sold in the years 1931, 1932 and 1933. A number were distress sales. The court cannot accept these figures. It must take a wider view and consider all factors and the prices paid when all these homes were built and sold — back in 1927, 1928, 1929 and 1930. Then they sold direct from the builders to home buyers for from $12,500 to $15,000, the better prices being in the earlier years and for end houses on corner lots, and the lower prices in 1929 and 1930. These people generally made small down payments and took the property subject to a first mortgage and a large installment second mortgage. Invariably they put in additional money to build or finish a garage, to make living rooms out of parts of the basements, and for other improvements. In some instances, in the latter years, owners have had to let go because of economic conditions. This applies to many of the sales of nearby houses cited by the city.

However, in the line of taking, most of the claimants are the original home owners who made their down payments, have met their mortgage interest, paid their taxes and are in a position, generally, to ride out the storm of depressed values. They bought when conditions were better and were not seeking to sell in a low market — now the city takes by right of eminent domain.

To give them the amounts suggested by the city's experts would, in some cases, wipe out the cash they have put in for equity, the money they have paid on account of their second mortgages, and possibly leave them liable for deficiency judgments on the second mortgage bonds if the amount of the award was less than the present first and the balance still unpaid on the second mortgage on the property. Then would follow proceedings to garnishee home owners' salaries.

In making these awards it has been the purpose and effort of this court to arrive at a fair market value as of the time of taking. It would not be equitable to give them only the prices that could be obtained in the days when there were no buyers, either at public, private or forced sales.

A fair market should be assumed for all the properties, with prices that a willing buyer would pay and a willing, not a distressed, seller take — all the evidence including the direct purchases by the city should be considered, and awards made at values just to the owners and to the city.

The corporation counsel is directed to prepare the tentative decree accordingly. The court requests that this be done promptly, so that the hearing of objections may be held while the matter is still fresh in the minds of counsel and the court. Thus will payments to owners of the amounts awarded them, with interest, be expedited.