ABRAM MILLER and Another, Appellants, *v.* STATE OF NEW YORK, Respondent.

Third Department, May 8, 1930.

*Wemple, Peters & Wemple* [*Oswald D. Heck* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*James Gibson, Second Assistant Attorney-General*, of counsel], for the respondent.

*Whalen, Murphy, McNamee & Creble* [*Kenneth Creble* of counsel], for the New York Central Railroad Company.

WHITMYER, J. Claimants own a farm of about sixty-eight acres on the westerly side of the West Shore railroad, on a dirt road called " Old State Road," but a town road, in the town of Guilderland, Albany county, N. Y. The farm adjoins the road for about 1,400 feet. The house is about 650 feet westerly of the tracks. They also operate another farm on the easterly side of the tracks, under a lease. The dirt road crossed the tracks and the crossing was eliminated. Prior to the elimination it was at grade. In the elimination the dirt road was fenced off at the crossing, a short distance westerly of the tracks, and the tracks were raised, on an embankment, about 32 feet high. And a new road was built, commencing at a point in the old one, about 2,480 feet, northwesterly, from the house, running thence easterly to an overhead bridge, over the tracks, and thence southerly in a line easterly from the tracks to the old road, at a point easterly of the crossing. The distance from the house via the new road to the place of junction with the old one is one and seven-tenths miles. Prior to the elimination, the distance from the house to this place, over the old crossing, was about one-half of a mile. None of their property was taken, but deliveries of groceries, meats and merchandise have been discontinued or lessened and the delivery of mail has been discontinued.

The court found the facts in favor of claimants, but decided that they are not entitled to recover damages.

The elimination proceedings were instituted and conducted under chapter 233 of the Laws of 1926, as amended by chapter 445 of the Laws of 1927, and repealed by chapter 678 of the Laws of 1928, under which the claim was filed.

Subdivision 8 of section 5 of the last named act permits an owner of real property to present a claim for the value of such property appropriated and for legal damages. And section 6 thereof pro-

vides, in case the elimination causes damage to property not acquired, that the State shall be liable for it in the first instance, but that the provision shall not be deemed to create any liability not already existing in law.

The provision conferred jurisdiction upon the court to award legal damages for lands taken and such damages for lands not taken as theretofore might have been awarded under existing law. No new rights were given and the common-law rule was not changed. Under that rule, it is settled law that the owner of property abutting upon a highway which is graded or changed by the public authorities has no right of action, unless it is given by some express statute. (*Smith* v. *Boston & Albany R. R. Co.*, 181 N. Y. 132, 136, 141; *Matter of Grade Crossing Commissioners*, 201 id. 32, 37; *McCabe* v. *City of New York*, 213 id. 468, 477; *Smith* v. *City of Boston*, 7 Cush. 254; *Coster* v. *Mayor of Albany*, 43 N. Y. 399, 414, 418; *Fearing* v. *Irwin*, 55 id. 486, 490; *Matter of Railroad Crossings*, 226 App. Div. 255, 257; 2 Cooley Const. Lim. [8th ed.] pp. 1155–1159.)

The work was done by public authority for public benefit. The land abuts on the old road as it did before and no land was taken. While the road was closed at the crossing, a new way was built from a point on the old one, northwesterly of the house, but connecting with the old one at a point easterly of the old crossing, with the result only that claimants now are obliged to travel farther when they go to their leased farm. And they are inconvenienced by the discontinuance of the deliveries formerly made. Within the authorities, the damage is *damnum absque injuria* and the statute does not permit a recovery therefor.

So that, the judgment should be affirmed.

HINMAN, Acting P. J., DAVIS, HILL and HASBROUCK, JJ., concur.

Judgment affirmed, with costs.