CHAMPION OIL COMPANY, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24197.)

Court of Claims, October 10, 1936.

* Former section 15 was repealed by Laws of 1936, chapter 775.

*Joseph E. Rizzo* [*L. Earl Higbee* of counsel], for the claimant.

*John J. Bennett, Attorney-General* [*Joseph I. Butler, Assistant Attorney-General*, of counsel], for the defendant.

*John H. Walrath*, for the Syracuse Grade Crossing Commission.

*Hiscock, Cowie, Bruce & Lee* [*Maurice F. Lane* of counsel], for the New York Central Railroad Company.

RYAN, J. This claim is the first case to be submitted to this court under chapter 825 of the Laws of 1928, known as the Syracuse Grade Crossing Elimination Act. Claimant's property abuts on Riegel street and lies between Beach and Vine streets in the city of Syracuse. Riegel street was closed by the Syracuse commission. A nineteen-foot embankment was constructed therein and upon this the railroad tracks were placed. This completely cut off access to claimant's lands although no part thereof was taken.

Claimant sues pursuant to section 9 of the act, which reads: " If the work of such elimination causes damage to property not acquired as above provided, the State shall be liable therefor in the first instance, but this provision shall not be deemed to create any liability not already existing in law."

We are convinced that under the authorities known as the *Elevated Railroad* cases, there was liability already existing in law when the statute in question was enacted. (*Story* v. *New York Elevated Railroad*, 90 N. Y. 122; *Egerer* v. *New York Central, etc., R. R. Co.*, 130 id. 108, and other cases.) If such liability existed it is reserved to claimant herein. (*Askey & Hager* v. *State of New York*, 240 App. Div. 451; affd., 266 N. Y. 587; *Dwornik* v. *State of New York*, 155 Misc. 458.)

The order closing the street was adopted by the Syracuse commission September 25, 1933, and approved by the Public Service Commission October 10, 1933. The physical closing of Riegel street at Beech street was accomplished in the summer of 1934 and of Riegel street at Vine street in September, 1934. Claimant

presented a claim to the Syracuse commission which was rejected by it May 14, 1935. Its claim was filed in this court November 27, 1935.

The Public Service Commission has not yet finally approved the elimination work and we are asked to dismiss the claim on the ground that it is prematurely filed. Section 9 recites that this court has jurisdiction, " provided, however, that such claim is filed with the Court of Claims within six months after final approval of the elimination work by the Public Service Commission."

We hold that the damages were caused when the physical change was made. (*People ex rel. Janes* v. *Dickey*, 206 N. Y. 581.) That the Commission may in the future direct the alteration of the physical structures so as to restore to claimant the access to its property of which it has been deprived, although possible, is unlikely. Claimant's cause of action has already accrued. Its damages should be determined as of September, 1934. Claimant is entitled to an award.

ACKERSON, J., concurs.