In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Purpose of Establishing Thereon a Public Beach, to All Land and Land under Water Not Heretofore Acquired by The City of New York for Park Purposes Extending from Jacob Riis Park to the Westerly Line of Beach 2nd Street, Far Rockaway, in the Borough of Queens, City of New York, by Resolution Adopted by the Board of Estimate and Apportionment of The City of New York, February 29,

1924, and May 20, 1926. METRO INVESTING AND CREDIT CORPORATION and THOMPSON PARK AMUSEMENT CORPORATION, Appellants; THE CITY OF NEW YORK, Respondent, and HARRY LAMBROS, Lessee-Respondent.— In a condemnation proceeding brought by the city of New York to acquire certain lands for the purpose of establishing thereon a public beach, a final (last, partial and separate) decree dated March 16, 1934, was entered. Claimants Metro Investing and Credit Corporation and Thompson Park Amusement Corporation appeal therefrom in so far as the decree makes and relates to awards for damage parcels 263 to 272, inclusive, and more particularly said claimants appeal from so much thereof as affects parcels 263 to 266, inclusive, and 269 to 272, inclusive; also from so much thereof as fails to award to claimants consequential damages to real property north of and adjacent to the lands actually taken; and from so much thereof as awards to claimant Lambros, tenant of claimant Thompson Park Amusement Corporation, the sum of $3,000 for damage parcels 266-a, 267 and 268, which sum was deducted from the fee claimant's award, as to which last-mentioned award for said parcels the appeal was withdrawn. The respondent, City of New York, concedes that as to damage parcels 263 to 266, inclusive, and 269 to 272, inclusive, for which the decree awards in each instance nominal damages only, an award in at least some instances should be made for more than nominal damages, and, therefore, concedes that as to said parcels the decree must be reversed and a new trial of the proceeding granted. In so far as it relates to awards for damage parcels 263 to 266, inclusive, and 269 to 272, inclusive, the decree is reversed on the law and the facts and a new trial of the proceeding as to those awards granted, costs to appellants to abide the event. In so far as it relates to the award of $3,000 to the lessee-respondent, Lambros, the decree is modified by reducing the award to $2,000, the interest to be computed on that basis, and as so modified unanimously affirmed, without costs. In all other respects the decree is unanimously affirmed, without costs. We are of opinion that the award to respondent Lambros is excessive; that the Special Term was correct in refusing to award to the appellants " consequential structural damage " to property in the amusement park completely outside of the northerly line of the taking in this proceeding, for such damage is *damnum absque injuria* and is not recoverable in this proceeding because no statute exists authorizing an award therefor. (Laws of 1918, chap. 506, and amendments thereto; *Sauer* v. *City of New York*, 180 N. Y. 27; affd., 206 U. S. 536; *Transportation Co.* v. *Chicago*, 99 id. 635; *Matter of Culver Contrg. Corp.* v. *Humphrey*, 268 N. Y. 26; *Van Aken* v. *State of New York*, 261 id. 360; *Matter of Van Etten* v. *City of New York*, 226 id. 483; *Radcliff's Executors* v. *Mayor, etc., of Brooklyn*, 4 id. 195; *Matter of City of New York [Grade Crossings on Long Island R. R.— Case No. 2652]*, 243 App. Div. 736; *West 158th Street Garage Corp.* v. *Fullen*, 139 Misc. 245.) Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ., concur.