J. Otis Knights, Mabel Knights, His Wife, Charles L. Brown and Grace E. Brown, His Wife, Claimants, *v.* The State of New York, Defendant.

(Claim No. 24047.)

Maude E. Delafield, Claimant, *v.* The State of New York, Defendant.

(Claim No. 24179.)

Court of Claims, November 17, 1936.

*Flynn, Tillou & Ward* [*George W. Davie* and *Harold J. Tillou* of counsel], for the claimants J. Otis Knights, Mabel Knights, Charles L. Brown and Grace E. Brown.

*Alfred L. Harrison* [*Milton Rabow* of counsel], for the claimant Maude E. Delafield.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscerella* and *John L. Campbell, Deputy Assistant Attorney-General,* of counsel], for the defendant.

*Percy R. Smith,* for the Pennsylvania Railroad Company.

Ryan, J. Claimants were the owners of real property on Main street in the village of East Aurora. The Knights and Brown property was on a corner and was used as a gasoline and service station. The Delafield property was on the opposite side of the street. On it stood frame buildings leased and occupied for business purposes. In the work of eliminating a grade crossing pursuant to chapter 678 of the Laws of 1928, Main street was depressed. About one-half of the Knights and Brown frontage was cut off. Access from Main street to the remainder was salvaged after negotiations between the owners and the State claims agent. By written agreement the owners gave the State a temporary easement to go onto their premises and cut back the grade so as to facilitate

approach from Main street to the premises. This document is now presented as a " release " and argument is advanced that it is a bar to recovery by Knights and Brown. It was not intended and cannot be construed to be a release of their claim for damages for change of grade.

On the side of the street where the Delafield property is located there was built a concrete retaining wall six inches high at the street intersection and thirty-nine inches high above the new level of Main street at Delafield's west property line. On top of this for the entire frontage of the property and beyond it was fixed an ornamental iron fence forty inches high.

Unquestionably both properties have been reduced in value by the change of grade of Main street. Such damages were formerly recoverable against the village. (Village Law, § 159, subd. 2.) But the case of *Askey & Hager, Inc.*, v. *State* (240 App. Div. 451; affd., 266 N. Y. 587) is authority for holding that the State has assumed this liability. This case was followed by *Matter of Atherton* v. *Village of Allegany* (244 App. Div. 890; affd., 270 N. Y. 525). This case seems determinative of the present one. In addition there is the recent ruling of the Court of Appeals (October 20, 1936) in a case where property was taken by the State in a grade crossing proceeding and the owner attempted to separate his cause of action and pursue two remedies, one in this court for the value of the property taken, the other in Supreme Court against the village for the " severance damages " resulting from the change of grade. (See *Matter of Trustees of First Methodist Episcopal Church of Whitehall*, 248 App. Div. 644; affd., 272 N. Y. 562; also 242 App. Div. 669, 740; leave to appeal denied by Court of Appeals.)

Upon the authority of the *Askey & Hager* case and relying upon the principles of the decision in *Story* v. *New York Elevated Railroad Co.* (90 N. Y. 122), we have recently held that the State is liable under the Syracuse Grade Crossing Act (Laws of 1928, chap. 825). (*Champion Oil Co.* v. *State*, 161 Misc. 143; also *Caldwell & Ward Brass Co.* v. *State*, Id. 147. See, also, *Dwornik* v. *State*, 155 id. 458.)

The effect of these decisions may be that owners of property lying within cities and incorporated villages which is damaged by change of grade are afforded a remedy while owners of property similarly damaged but lying outside of cities and incorporated villages are without relief. (*Van Aken* v. *State*, 261 N. Y. 360; *Miller* v. *State*, 229 App. Div. 423.) It is true that the Adams property was situated within an incorporated village. But an examination of the record and briefs on appeal discloses that the question of a remedy under Village Law, section 159, subdivision 2,

was never raised. (See *Adamo* v. *State*, 235 App. Div. 12.) This authority, therefore, does not alter our conclusion expressed hereinabove that the *Atherton* case is controlling herein.

Awards for claimants in both cases.

ACKERSON, J., concurs.