LORENZO QUEENO and EMMA QUEENO, His Wife, Respondents, v. THE STATE OF NEW YORK, Appellant. (Claim No. 24172.) — Judgment reversed on the law and a new trial granted, without costs of this appeal to any party. Memorandum: In this particular case the difference between the value of the land before and the value of the land after the appropriation is not the correct rule because as a part of the improvement there were changes in street locations which while injuring this property are *damnum absque injuria.* Therefore, there should be separate findings of the value of the land permanently appropriated and of the use of land temporarily appropriated and the amount of the damage to the remainder of the land not appropriated. As to the extent of the interest appropriated see *Buffalo Valley Realty Co.* v. *State of New York* (273 N. Y. 319). All concur. (The judgment awards claimants damages for appropriation of realty.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

In the Matter of the Estate of R. ROY DURHAM, Also Known as ROBERT ROY DURHAM, Deceased.— Decree so far as appealed from affirmed, with costs. Memorandum: Appellant's right as committee of the incompetent to letters of administration depended upon whether the incompetent was the lawful wife of decedent. An issue of fact was presented on this question. The court has found that the relations between the parties which concededly were meretricious at the time of their inception continued so throughout. The evidence supports this determination and it is not against the weight of the evidence. All concur. (The portion of the decree appealed from denies a petition for appointment of an administrator.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS MEERS, Appellant.— Judgment of conviction affirmed. Memorandum: The principal question raised in this case was the identity of the defendant as one of three persons participating in a robbery in a retail store. A question of fact was presented. The identification of the defendant as one of the robbers by two witnesses with ample opportunity to observe the participants at the time of the robbery was clear and convincing. The defense was an alibi. The question was one for the jury and there is no reason on the record why the conviction should be disturbed. Neither do we think there was error in the denial of the motion for a new trial on the ground of newly-discovered evidence. The additional proof was not in our opinion sufficient to warrant a belief that its consideration would affect the result. No objection was offered to the reception of the testimony as to the presence of the defendant at the store on a certain previous occasion. All concur. (The judgment convicts defendant of the crime of robbery, first degree.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY LABUE, Alias ANTHONY LOBUE, and LORENE WHITBECK, Alias LORRAINE WHITBECK, Appellants.— Judgment of conviction affirmed. Memorandum: The record justifies the verdict in this case. We find no reversible error. All concur. (The judgment convicts defendants of the crimes of robbery, first degree, and grand larceny, first and second degrees, and in addition convicts the defendant LaBue of assault, second degree.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.