FRANK HOLLMAN and ELIZABETH HOLLMAN, Claimants, *v.* STATE OF NEW YORK, Defendant.

(CLAIM No. 24190)

Court of Claims, June 26, 1939.

*Robbins, Fowler, Wells & Walser* [*Guy O. Walser* of counsel], for the claimants. ,

*John J. Bennett, Jr., Attorney-General* [*Gerald J. Carey, Assistant Attorney-General*, of counsel], for the defendant. ·

GREENBERG, J. The claim herein arises out of a contemplated elimination of a grade crossing at Medford road in the town of Brookhaven, county of Suffolk.

Claimants are the owners of improved real property in Medford (a hamlet in the town of Brookhaven), fronting on Medford road, which is State Highway No. 1018; the premises are also adjacent to the right of way of the Long Island Railroad. Under the proposed plan of elimination the grade of Medford road is to be lowered and the tracks of the Long Island Railroad elevated by the construction of an embankment on the railroad right of way. The filed plans do not provide for the appropriation of any part of claimants' property for the purpose of the elimination.

The damages claimed herein arise solely out of the proposed change of grade of the highway and the railroad tracks.

The damages which the claimants herein allege will be sustained when the construction work of the elimination is fully completed are not recoverable.

At common law damages for change of grade of a highway were not recoverable. (*Radcliff* v. *Mayor*, 4 N. Y. 195; *Conklin* v. *New York, O. & W. R. R. Co.*, 102 id. 107; *Uline* v. *New York City & H. R. R. R. Co.*, 101 id. 98; *Smith* v. *Boston & Albany R. R. Co.*, 181 id. 132.) All damages resulting from a change of grade of a highway must be predicated or based upon some statutory provision therefor.

Section 6 of chapter 678 of the Laws of 1928 (Grade Crossing Elimination Act) provides as follows: " If the work of such elimination causes damage to property not acquired as above provided, the State shall be liable therefor, in the first instance, but this provision shall not be deemed to create any liability not existing at

law." Under this section claimants may recover damages from the State in the first instance provided " the work of the elimination " has created a liability on the part of the governmental subdivision where the work was performed. (*Askey & Hager* v. *State*, 240 App. Div. 451; affd., 266 N. Y. 587; *Knights* v. *State*, 161 Misc. 552; affd., 251 App. Div. 781; affd., 275 N. Y. 650.)

" At the time of the entry of the order of the Public Service Commission directing the elimination of the crossing, the work of excavation which resulted in lowering the established grade of Colvin street, thereby obstructing and preventing ready and free access to claimant's properties, had been substantially completed. Claimant then had available a remedy for the recovery of the damages it had sustained, under section 12 of the Grade Crossing Elimination Act (Laws of 1888, chap. 345, as amd.) which provided as follows: ' If the commissioners shall decide that it is necessary  *  *  * that the grade of any street or portion of any street  *  *  * shall be changed, and that any property may be injured thereby *for which the owners or persons interested therein are lawfully entitled to compensation*  *  *  * the court shall fix the amount of damages *  *  * and shall order the same to be paid.'  *  *  * ' The damages are caused when the physical change of grade is made.' " (*Askey & Hager* v. *State, supra.*)

It is apparent that in the *Askey & Hager* case (*supra*) the liability of the State in the first instance was the liability which came into being by acts of the Buffalo Grade Crossing Commission, an agency of the city of Buffalo, in changing the grade of Colvin street prior to the time the Public Service Commission made its order for the elimination.

The liability of the State under the decision in *Knights* v. *State* (*supra*) is likewise the statutory liability that was placed upon the village of East Aurora by reason of subdivision 2 of section 159 of the Village Law. The work of the elimination in that case had imposed a liability on the village. Subdivision 1 of section 159 of the Village Law provides for damages for change of grade made by the village authorities. " If a village has exclusive control and jurisdiction of a street and bridge therein, it may change the grade thereof." Subdivision 2 of the same statute provides " Whenever the grade of any street, highway or bridge in any incorporated village in this State shall be changed or altered  *  *  *. This subdivision shall not apply to the change of grade of streets, highways or bridges by village authorities." Under the latter subdivision a village became liable when the grade of a street was changed in a village irrespective of who made the change. (*Matter*

*of Lawrence* v. *Village of Mamaroneck*, 263 N. Y. 455; *Matter of Atherton* v. *Village of Allegany*, 244 App. Div. 890; affd., 279 N. Y. 525.)

In the *Knights* case (*supra*) it was this liability that was in existence against the village of East Aurora by reason of the work of the elimination in changing the grade of the street, for which the State became liable in the first instance.

There being no primary liability on the State for a change of grade made by the State in the course of a grade crossing elimination, the damages to be recoverable, in the instant case, must necessarily be based upon some statute imposing or fixing a liability on the *town of Brookhaven* for the work to be performed by the State.

There is no such liability upon the town of Brookhaven. The Town Law does not make any provision for damage occasioned by a change of grade of a highway. Section 197 of the Highway Law provides: " Damages For Change of Grade. In any town in which a town highway shall be repaired, graded and macadamized from curb to curb *by the authorities of the town*, the owner of owners of the land adjacent to such highway shall be entitled to recover from the town the damages resulting from any change of grade."

The town is only liable under the above-quoted section when the change of grade is made by the town authorities. " It is well settled that a town is not liable at common law to an abutting owner for a change of grade of a highway, and is only made liable by virtue of some provision of statute. The statute invoked by the petitioner, *viz.*, section 11-a of the Highway Law, as thereafter amended finally by chapter 530 of the Laws of 1906, specifically refers to the improvement of the highway by the authorities of a town in accordance with the provisions of section 69 of chapter 686 of the Laws of 1892, and does not seem to apply to a highway constructed by the State, the expense of which is borne jointly by the town, county and the State." (*Matter of Baynes*, 140 App. Div. 735, 738; *Burmaster* v. *State*, 186 id. 131, 133.)

There being no liability in the first instance on the State by reason of the change of grade to be made in the State highway in front of the claimants' property, and no liability having been placed on the town of Brookhaven by the " work of the elimination," there is no liability which the State assumed under the statute. Any damage that the claimants may suffer by reason of the proposed change in Medford road is *damnum absque injuria*. (*Lewis* v. *State*, 258 N. Y. 568.)

The claimants cannot recover for any damage that may result from the proposed elevation of the Long Island Railroad tracks.

The proposed plan contemplates elevating the railroad tracks on the existing right of way of the railroad, and no part of claimants' property is to be appropriated for this purpose.

The right of a railroad to elevate or depress its tracks within its own right of way without compensating abutting owners has been passed upon in *Matter of Grade Crossing Comrs. of Buffalo* (209 N. Y. 139), where it was held " The railroad company had the right to elevate or depress its tracks without making compensation to abutting owners and irrespective of whether it obtained its right of way by deed or by condemnation. (*Bennett* v. *L. I. R. R. Co.*, 181 N. Y. 431; *Leffmann* v. *L. I. R. R. Co.*, 120 App. Div. 528; affirmed on opinion below, 197 N. Y. 513.) The sum originally paid by the railroad company on the acquisition of its right of way must be deemed to have included compensation for damages occasioned by changes made necessary to meet the increasing demands of its business or to conform to the requirements of public improvements. The abutting property owners are, therefore, neither legally nor morally entitled to compensation for changes in the grade of the railroad, and it would not be within the constitutional power of the Legislature to require such compensation to be made."

Furthermore, it appears that the claim, in the case at bar, is premature. Even if the damages were recoverable no award could be made at this time. No work has been done as yet on the elimination, and, while the plan of the proposed elimination has been approved by the Public Service Commission, there have been several amendments thereto, each amendment tending to reduce the amount of damage which claimants' property might suffer. Until the work of the elimination is completed there can be no accurate estimate of the damage which might result therefrom, and which, in the instant case, would be from a change of grade.

Damages for change of grade accrue at the time the change is actually made. " If there is never any physical change there is no real damage. When the physical change is actually made, which may be after a long lapse of time, the then owner is entitled to the award. And while this might seem to be a hardship upon him who is the owner when the maps are filed, it is in fact not so, for once it is settled that the award goes to him who is the owner when the physical change is made, every seller may demand his full price, since every purchaser may buy with the assurance that he will suffer no loss from the mere filing of maps." (*People ex rel. James* v. *Dickey*, 206 N. Y. 581, 585; *Askey & Hager* v. *State*, *supra; Matter of Grade Crossing Comrs. of Buffalo*, 209 N. Y. 139; *Licht* v. *State*, 161 Misc. 149; affd., 277 N. Y. 216.)

It appearing that the claim herein is premature and that the damages sought are *damnum absque injuria,* the motion to dismiss the claim made at the close of claimants' case is granted.

RYAN, J., concurs for dismissal of claim based upon different reasons stated in opinion subsequently filed.

RYAN, J. I agree with my colleague that the claim must be dismissed. I am unable to concur in his opinion.

I agree with so much of his opinion as reiterates the well-settled doctrine that a railroad company has the right to elevate or depress its tracks without making compensation to abutting property owners.

As to damages which may be sustained by reason of the change of grade in the public highway the authority for dismissal of this claim is *Lewis* v. *State* (258 N. Y. 568).

These claimants are, unfortunately, in that class of owners of property lying outside of certain cities and of villages for whom no relief has been provided by statute. To this predicament we called attention in *Knights* v. *State* (161 Misc. 552; affd., 251 App. Div. 781; leave to appeal denied, Id. 881; 275 N. Y. 650).

I am unable to concur in Judge GREENBERG's opinion because he finds in the *Askey & Hager* decision elements which I am unable to discern. He states: " It is apparent that in the *Askey & Hager* case the liability of the State in the first instance was the liability which came into being by acts of the Buffalo Grade Crossing Commission, an agency of the city of Buffalo, in changing the grade of Colvin street prior to the time the Public Service Commission made its order for the elimination."

Judge GREENBERG apparently believes that if no physical work had been done before the order of the Public Service Commission was entered the State would not have been held liable in the *Askey & Hager* case. I take no such view. If the prior physical act was the essential factor in the *Askey & Hager* case then what becomes of all the subsequent and dependent decisions in cases wherein the State itself *first* ordered *then* performed? Among them are *Matter of Atherton* v. *Village of Allegany* (244 App. Div. 890; affd., 270 N. Y. 525); *Matter of Trustees of First Methodist Episcopal Church of Whitehau* (248 App. Div. 644; affd., 272 N. Y. 562).

In each of those cases the briefs in the Court of Appeals specifically called attention to the fact that in the *Askey & Hager* case the city of Buffalo had commenced the work before the enactment of chapter 844 of the Laws of 1926. Yet the *Atherton* case was decided on authority of the *Askey & Hager* case and the *Whitehall* case was

decided on authority of the *Atherton* case, and no distinction was made because of the sequence of events in the underlying case.

There is also the *Knights* case (*supra*), wherein we followed the *Askey & Hager* decision. We were unanimously affirmed without opinion in the Fourth Department and leave to appeal was denied by that department and by the Court of Appeals.

Moreover, in the Syracuse cases the argument that the *Askey & Hager* case had some peculiar distinction by reason of the work having been commenced and substantially completed prior to the entry of the order of the Public Service Commission under authority of chapter 844 of the Laws of 1926 was again presented to the appellate courts, but without effect. (See briefs of Attorney-General on appeal in the following cases: *Champion Oil Co., Inc.*, v. *State*, 161 Misc. 143; affd., 251 App. Div. 781; leave to appeal denied, Id. 881; 275 N. Y. 649; *Caldwell* v. *Ward Brass Co.* v. *State*, 161 Misc. 147; affd., 251 App. Div. 781; affd., 277 N. Y. 547.)

It would seem to be sufficient in this case to grant the motion to dismiss upon the authority of *Lewis* v. *State* (*supra*), but I have been unable to convince my colleague of this. And since he has insisted upon a discussion of other authorities and an interpretation of them with which I cannot agree, I have, at his suggestion, expressed hereinabove the reasons for my disagreement.

Dated, *July* 11, 1939.