KATONAH LUMBER, COAL AND FEED COMPANY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27209.)

Court of Claims, February 11, 1949.

*Kenneth S. MacAffer* and *Carol O. Olson* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Gerald J. Carey* of counsel), for defendant.

LAMBIASE, J. Claimant at all times in the claim mentioned was the owner of improved real property in the hamlet of Bedford Hills, town of Bedford, county of Westchester, New York. It has filed this claim to recover from the State of New York " the value of lands and easement rights * * * and the lawful damages sustained by claimant through the appropriation of said lands and easement rights by the State of New York * * * in connection with the elimination of highway-railroad crossings at grade in the Town of Bedford, County of Westchester and State of New York, pursuant to Chapter 678 of the Laws of 1928 and acts amendatory thereof and supplemental thereto." (Claim, par. 2 in part.)

Inasmuch as in an accompanying decision we have made findings of fact as required by the circumstances and by the proof (*Queeno* v. *State of New York,* 255 App. Div. 941; *St. Peter's Italian Church, Syracuse,* v. *State of New York,* 261 App. Div. 96), we deem it unnecessary to discuss the evidence. Suffice it to say we have awarded no damages for (a) alleged change of grade of Montefiore Avenue; (b) the closing of the northeasterly end of Montefiore Avenue; and (c) the loss or interruption of business and profits, all of which items of alleged damages we hold to be noncompensable and to afford no basis for an award herein. While claimant has excluded these items of damages in arriving at its final demand for judgment herein, nevertheless they are discussed generally in claimant's brief; and since we have disallowed them, we think it proper, if not entirely necessary, to discuss them.

While we have found in our accompanying decision that no change of grade in Montefiore Avenue in front of claimant's premises has been established — the change of grade occurring approximately seventy-five to eighty-five feet away from claimant's property — we are of the opinion, even if there had been such proof, that damages resulting therefrom would not be recoverable. At common law damages for change of grade of a highway were not recoverable. (*Radcliff's Executors* v. *Mayor, etc. of Brooklyn,* 4 N. Y. 195; *Conklin* v. *New York, Ontario & Western Ry. Co.,* 102 N. Y. 107; *Uline* v. *New York Central & H. R. R. R. Co.,* 101 N. Y. 98; *Smith* v. *Boston & Albany R. R. Co.,* 181 N. Y. 132; *Hollman* v. *State of New York,* 171 Misc. 768.) Therefore, all damages resulting from a change of grade in a highway must be predicated or based upon some statutory provision.

Section 6 of chapter 678 of the Laws of 1928 makes the State liable in the first instance for damage " to property not acquired as above provided " caused by the work of grade crossing elimination, but this provision does not create any liability not already existing in law. The holdings under this statute have been to the effect that the owner may recover damages for change of grade of a street resulting from a grade crossing elimination only when he might have recovered had the grade been changed by the local municipality. (*Askey & Hager, Inc.,* v. *State of New York,* 240 App. Div. 451, affd. 266 N. Y. 587; *Mirro* v. *State of New York,* 260 App. Div. 525, affd. 285 N. Y. 678; *East River Sav. Bank* v. *State of New York,* 266 App. Div. 494.) There is no such liability upon the Town of Bedford. (*Hollman* v. *State of New York,* 171 Misc. 768, *supra; Beck Properties* v.

*State of New York,* 184 Misc. 148. See, also, Highway Law, § 197.)

There being no liability in the first instance upon the State by reason of any alleged change of grade in Montefiore Avenue even had it occurred in front of claimant's property, and no liability having been placed upon the Town of Bedford by the work of the grade crossing elimination, there is no liability which the State assumed under the statute. Any damages, therefore, that the claimant may claim to have sustained by reason of any alleged change of grade in Montefiore Avenue, assuming but not admitting that it had occurred in front of its property, is *damnum absque injuria.* (*Lewis* v. *State of New York,* 258 N. Y. 568; *Hollman* v. *State of New York,* 171 Misc. 768, *supra; Miller* v. *State of New York,* 229 App. Div. 423, and cases cited therein.)

The State closed Montefiore Avenue at a point just north of claimant's property. This did not, however, cut off claimant's property from all means of ingress and egress since ingress and egress were provided for from the south. A municipality may discontinue a street when it is done in the manner prescribed by law and when there is left to the private citizen other and suitable means of access (*Egerer* v. *New York Central & H. R. R. R. Co.,* 130 N. Y. 108) even though such access may not be quite as convenient as it would have been if the road had been allowed to remain open. (*Miller* v. *State of New York,* 229 App. Div. 423, *supra; Reis* v. *City of New York,* 188 N. Y. 58.) There is no statutory provision which creates any liability for damages, if any there should be, to claimant's property for such closing, and there is no common-law liability. Within the authorities the damages for the closing of Montefiore Avenue to the north of claimant's property is *damnum absque injuria.* (*Miller* v. *State of New York,* 229 App. Div. 423, *supra; Dwornik* v. *State of New York,* 251 App. Div. 675, affd. 283 N. Y. 597; *Coffey* v. *State of New York,* 291 N. Y. 494; *Jablowsky* v. *State of New York,* 267 App. Div. 54, affd. 292 N. Y. 652.)

One whose land is taken or injured in condemnation cannot recover compensation for loss or interruption of business or for loss of profits unless the condemnor appropriates the business or there is statutory authority permitting recovery for the same. (*Matter of People* v. *Johnson & Co.,* 219 App. Div. 285, affd. 245 N. Y. 627, certiorari denied, 275 U. S. 571, see, also, 282 U. S. 867; *Miller* v. *State of New York,* 229 App. Div. 423, *supra; Adamo* v. *State of New York,* 235 App. Div. 12; *Matter of City of Rochester* [*Smith Street Bridge*], 234 App. Div. 583; *Banner Milling Co.* v. *State of New York,* 240 N. Y. 533, certiorari denied 269 U. S. 582.)

Such, however, is not the case here and such loss, therefore, is not recognized as part of the damage or compensation which the State must pay for the land permanently taken and for that which it used for the period of the temporary easement.

Some question has arisen as to the measure and amount of compensation due claimant for the use and occupation by the State of claimant's land (Parcel No. 11) under the temporary easement. It is the contention of the State that claimant's measure of damages, under the circumstances, is the reasonable rental value of the appropriated premises for the period of the temporary easement. (*Robert S. Smith Corp.* v. *State of New York*, 49 N. Y. S. 2d 579; *Graham* v. *State of New York*, 51 N. Y. S. 2d 437.) But see, also, *Spencer* v. *State of New York*, (206 App. Div. 376, 377) wherein it is held that in the case of temporary appropriations '' The claimant is entitled to recover the loss in rental value during the term of the appropriation, plus further loss, if any, resulting from damage to the fee arising from the user of the easement.'' Claimant, while admitting that the case of *Graham* v. *State of New York* (51 N. Y. S. 2d 437, *supra*), does hold as contended by the State, nevertheless, seeks to recover the additional sum of $500, the cost of moving to another location lumber, building materials, and supplies stored on claimant's land and used in connection with the conduct of its business, which lumber, building materials and supplies it claims it was necessary to move in order to give possession to the State of New York. It contends that the circumstances of the instant case are so peculiar that the rule in the *Graham* case cannot be applied.

Claimant's evidence with reference to the cost of moving said lumber, building materials and supplies does not establish how much of said materials was stored on each of the parcels involved in this appropriation, and does not allocate to each of said parcels its proportionate share of said cost. This point we consider very important. In our opinion, that part of the aforesaid cost required for the removal of said materials from Parcels 10 and 31 is not recoverable because said parcels were permanently appropriated. Furthermore, the lease on the lands located to the north of claimant's property having been cancelled February 6, 1941, that part of the aforesaid cost is also not recoverable. There remains, therefore, to be considered only that part of said cost which may be allocated to Parcel 11 upon which the temporary easement was imposed; and in that connection we are unable from the record to determine how much of

said cost was chargeable to it. It was testified by claimant that he had no records as to the quantity of materials on each particular parcel. (S. M. 124.) Under the circumstances, therefore, we do not widen in this opinion the scope of our discussion of this point except to note the decision of the Supreme Court of the United States in the case of *United States* v. *General Motors Corp.* (323 U. S. 373), which case was one of first impression in that court. We conclude that upon the record no basis for the allowance of damages with reference to this item has been proved other than that of rental value as contended by the State.

The claimant asserts consequential damages to the scales, scales pit and bins accompanying the same used in connection with the conduct of claimant's business. We believe it to have been established that at the time in the claim alleged they were located within the boundaries of Montefiore Avenue adjoining claimant's land to the west and, as located, were presumably on town property. We are of the opinion that claimant is not entitled to an award for damages with reference to these items, and no allowance of damages has been made therefor in our accompanying decision. (*Matter of City of New York* [*Public Beach*], 248 App. Div. 902, affd. 274 N. Y. 536; *Matter of City of New York* [*Triborough Bridge*], 151 Misc. 862; *Niagara, Lockport & Ontario Power Corp.* v. *State of New York,* 187 Misc. 527.) We have made the same disposition with reference to an item of $395.96 expended by claimant to relocate the coal pit used in conjunction with the coal hopper and conveyor. This coal pit was located under a side track on New York Central Railroad Company property immediately east of claimant's property, and claimant had had an agreement with said railroad company with reference to its construction and maintenance since January 16, 1923, which agreement the said railroad company cancelled by notice in writing under date of February 11, 1941. For the same reason that we have disallowed any damages for these items, we have not considered their value in arriving at the value of claimant's property affected by this appropriation.

In view of our decision herein in which we have disallowed the items of damages hereinbefore particularly discussed, we see no prejudice to the State in allowing to remain in the record certain evidence relative thereto to which objection was made by the State upon the trial, and we reserve an exception thereon to the State.

A stipulation dated June 8, 1948, relative to this case was duly entered into with our consent between the attorneys for the respective parties herein and was later filed and submitted.

Since this was done after the trial of the case, and in order that it may be incorporated as a part of the record herein, it is hereby ordered that said stipulation be and the same hereby is made a part of said record as though it had been entered into during the course of the trial.

In an accompanying decision we have made an award to claimant which we feel adequately compensates it for the loss sustained by it herein.