Samuel W. Eager, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to review and to annul the action of the Board of Trustees of the Village of Larchmont discontinuing 10 feet of Woodland Avenue at its easterly terminus. Woodland Avenue is a public street in the village of Larchmont, and prior to the action of the village trustees, said avenue, connecting with other public streets in the village, ran to the boundary line of certain lands of the petitioner, thereby furnishing access by public way to his property. The effect of the action of the trustees is to cut off or dead-end the said avenue 10 feet short of petitioner’s property, thereby depriving him of the right of access to said property by way of said avenue. The respondents, however, claim that petitioner has other suitable means of access to his property by virtue of frontage of his lands on another public street to wit, on Palmer Avenue.
It appears that the petitioner presently owns a tract of land having a frontage of 214.74 feet on Palmer Avenue, and running back to the railroad tracks of the New Haven main line. The tract has a depth of 392 feet on one side, a depth of 388 feet on the other and a rear or north line of 241 feet along the rail *1007 road tracks. The tract is pretty much covered with trees and underbrush, and is unimproved except for an old and rundown multi-family house facing and with driveway entrance to Palmer Avenue. The petitioner has contracted to sell the entire tract for an apartment house development.
The property of the petitioner is situate in the town of Mamaroneck, entirely outside of the village limits. The southwesterly side thereof, however, joins and extends along the village territorial line, and Woodland Avenue, until cut off by action of the village trustees, ran up to and joined said southwesterly side of the petitioner’s lands at the northerly end of said side. Woodland Avenue is a village street, maintained and kept up by the village, and the trustees claim that they have the right to discontinue it as a way to petitioner’s property.
The petition herein was originally dismissed by this court at Special Term, the dismissal being upon the law on the return day of the proceeding. The Appellate Division, however, reversed, holding that there were questions of fact requiring a trial. The holding of the Appellate Division was that the action of the village trustees in cutting off access to petitioner’s property by way of Woodland Avenue without compensation to him would be illegal unless there is suitable alternative means of access by public highway to the property, and such court further held that “In conjunction with the conceded proof, questions of fact exist as to a rock formation preventing access from the northerly portion of petitioner’s property to Palmer Avenue, and petitioner’s assertion that the transcript of the record submitted by the Board is incomplete.”
It was stipulated upon the trial that the alleged incompleteness of the record submitted by respondents was waived, as was also any question of the regularity of the steps taken by the respondents in reaching the conclusion now under attack. It was likewise stipulated that the only issue to be tried was the question of the suitability of access from the northerly portion of petitioner’s property to Palmer Avenue.
The proofs of the parties have been received, and, on stipulation on the record, it was agreed that I should visit and inspect the premises, and this I have done.
The rule, to which the courts of this State are committed, is that, where private property has means of access by way of two public streets or highways, the State or local authorities, having jurisdiction, may close or do away with one of them without compensation to the landowner provided the other furnishes him with suitable means of access to his property. (Coster v. Mayor etc., of City of Albany, 43 N. Y. 399; Fearing *1008 v. Irwin, 55 N. Y. 486; Egerer v. New York Central & Hudson Riv. R. R. Co., 130 N. Y. 108; Egerer v. New York Central & Hudson Riv. R. R. Co., 39 App. Div. 652; Katonah Lumber, Coal & Feed Co. v. State of New York, 194 Misc. 311, 314; Holmes v. State of New York, 279 App. Div. 489. See, also, memorandum of Appellate Division, in this case, Matter of Smith v. Gagliardi, 286 App. Div. 873.)
In determining the rights of the petitioner in this proceeding, the lands owned by him are to be considered as a whole. This was apparently the position taken by the Appellate Division. These lands of the petitioner are in fact a single tract extending from Palmer Avenue northerly to the railroad lines, and when so considered, it is clear that the cutting off of access to the rear or northerly portion of the premises by way of Woodland Avenue has not operated to deprive petitioner of any rights recognizable under the law of this State. It is my opinion that Palmer Avenue furnishes a suitable and adequate means of access to the property. Said avenue is a well-improved main thoroughfare extending all along one end of the property. It is true that the terrain of the property is of rocky formation, with much solid rock and out-cropping thereof at or near the surface of the ground. There are, however, no cliffs or steep rock formations preventing access from the rear or northerly portion of petitioner’s property to Palmer Avenue. Viewing the property as extending lengthwise from Palmer Avenue to the railroad tracks, there is a grade up from Palmer Avenue for a part of the way toward the rear of the property, and access to the rear of the premises by private driveway from Palmer Avenue would necessitate either that the driveway run up-grade for a part of the way or that the developer remove rock and level off the property. However, a driveway may be conveniently built on the present grade running along the southwesterly line of the property to the rear or north end thereof, and the same would be a suitable driveway and fully serviceable. The property at its highest point is but approximately 17 feet above the grade of Palmer Avenue, and it is noted that the multi-family house now located upon the property is situate on the highest part of the property and that it has been for years and is now serviced by a driveway running up from Palmer Avenue along the present grade of land. Further, it is reasonable to assume that the developer of this property for apartment house purposes would be required to do some grading of the property, at least to the extent of leveling it off, and, in connection therewith, a suitable driveway may be provided for without unreasonable expense.
*1009 It is true that the cutting off of access to the rear or northerly portion of petitioner’s property by way of Woodland Avenue results in a substantial depreciation of value of the property. Further, the cutting off of access will result in inconvenience to the vendee in developing the property and in the use thereof for apartment house purposes. However, it is clear that petitioner has no vested right to have public street access at special points selected by him. And, under the rule referred to aforesaid, he is entitled to only one suitable means of access and not two. Although “ one public way to property is closed, if there is another left, the property owner sustains no actionable damage ” by the closing of the one way. (Fearing v. Irwin, 55 N. Y. 486, 490, supra; see, also, Reis v. City of New York, 113 App. Div. 464, affd. 188 N. Y. 58.) In the absence of statutory provisions to the contrary, a landowner has no remedy for damage and inconvenience resulting from the discontinuance of a street serving his property, provided, he is left with a suitable means of access. “ Mere inconvenience does not stamp a means of access as unsuitable ”. (Holmes v. State of New York, 279 App. Div. 489, 491, supra.) “ The general rule is that the mere fact that a discontinuance or vacation of a street results in a depreciation of the value of the property of an owner of land bordering on the street consequent upon diversion of travel and added inconvenience of access, does not of itself constitute such a special injury as entitles him to damages.” (11 McQuillin on Municipal Corporations [3d ed.], p. 148; see, also, Katonah Lumber, Coal & Feed Co. v. State of New York, 194 Misc. 311, supra.)
The proceeding is dismissed. Ho costs.
Submit order on notice.