Melvin H. Osterman, J.
This is a claim for the appropriation of a permanent easement of access which the claimants had across another’s land, which land was appropriated by the State in a proceeding known as the New York State Thruway, the New England Section, County of Westchester, Subdivision No. NE 3, and designated as Map No. 852, Parcel No. 853.
Claimants were the owners of a tract of land consisting of approximately 3.33± acres which abutted lands owned by the County of Westchester, whose lands in turn abutted a public street known as Grand Street in the Village of Mamaroneck. By virtue of a conveyance dated August 9, 1927, from the J ohnethel Realty Corp. to the County of Westchester, the grantor reserved an easement of access to Grand Street across the lands conveyed to the county, which means of access was to be a roadway no more than 30 feet wide, to be placed at any reasonable point over the county’s land so long as access to Grand Street was gained. This easement was included in a subsequent deed from J ohnethel Realty Corp. to Joseph J. Rigano, dated September 9, 1946, and in a deed from Joseph J. Rigano to himself and Yetta Epstein [claimants], dated October 24, 1957. In addition, both before and after the appropriation, claimants’ property had access to both Fenimore Road on the east and Highview Street on the west, which access was in no way affected by this taking.
At the time of the appropriation, the property was undeveloped, low and swampy towards its frontage and rising to high land as it approached Highview Street. However, claimants allege that the highest and best use of this property was for subdivision purposes with which the court agrees.
It is the claimants’ contention that the taking of the county’s lands necessarily destroyed their easement of access to Grand Street thus eliminating the most suitable method of access to the property and resulting in the planning of a new access to the proposed development which called for a through street from Highview Street to Fenimore Road. This latter plan would eliminate three lots in the proposed development and would *482 require an additional 190 feet of paving. The loss of these lots, the cost of the additional paving and the alleged diminution in value of the remaining lots because of the new means of access comprise the damages sought by the claimants.
The law is well settled in this State that an abutting owner’s easement of access to a public street may be modified or altered by the sovereign without compensation so long as a suitable means of access remains (Matter of Smith v. Gagliardi, 2 Misc 2d 1005, affd. 2 A D 2d 698; Berger v. State of New York, 31 Misc 2d 249), and that mere inconvenience does not stamp a plan of access unsuitable. (Holmes v. State of New York, 279 App. Div. 489; see, also, Crear v. State of New York, 2 A D 2d 735.) It is only when all available access has been destroyed or where the remaining access is so unsuitable for purposes connected with claimants’ property that compensation may be awarded (Matter of Smith v. Gagliardi, supra; Holmes v. State of New York, supra).
In the case at bar, the claimants are not abutting owners, but have a reserved easement of access across another’s land to the public street. We cannot perceive how this kind of easement can give the claimants any greater rights than if they were the abutting owners themselves. All the easement does is to legally and physically bring them to a point abutting Grand Street, a position which at best can clothe them with no greater rights than a common abutting owner. As such, their property rights are determined by the afore-cited rules of law. While the easement claimants own may be a property right (Arnold v. Hudson Riv. R. R. Co., 55 N. Y. 661; Kingsland v. Mayor etc., of New York, 110 N. Y. 569), unless they can show a total destruction of suitable access, their claim must be dismissed.
In this respect the court finds that, after the appropriation, access to claimants’ proposed development could be gained both from Fenimore Road and Highview Street; that a road could be built through the center of claimants’ proposed development having its termini at each of the aforesaid streets; that vehicular traffic could connect with the aforesaid streets without too much circuity although not quite as conveniently as before, and that because of the locality in which claimants’ land is situated as well as the topography of the parcel itself, reasonable and suitable access remains after this taking.
The court also notes that, before the taking, the claimants had planned a turnabout street on the easterly side of their property which would serve the majority of the subdivided lots. This turnabout street had its entrance on Highview Street. After the taking the proposed through street is no more than an *483 extension of the aforesaid turnabout street to Fenimore Road on the westerly end of claimants’ property. We cannot see how claimants can now contend that the access left to them is so unsuitable when the street proposed after the taking has its entrance at the very same place on Highview Street as before the taking, which the claimants must have thought to be the most suitable means of access to the property. The claim is therefore dismissed.