Henry W. Lengyel, J.
The claim herein was duly filed with the Court of Claims on January 2,1965 and with the Department of Law on January 4,1965. It has not been assigned.
The State of New York pursuant to section 30 of the Highway Law, which proceeding is described as City of Utica, North-South Arterial Highway, South City Line to Oriskany Street West, Oneida County, Map 165, Parcel 185, Map 240, Parcel 271, and Map 259, Parcel 299, appropriated the major portion of the bed of Wheeler Avenue in the City of Utica. Wheeler Avenue was an unimproved street. Maps 240 and 259 were filed in 1960 or prior thereto and Map 165 was filed in the Oneida County Clerk’s office on January 26, 1965. Map 165 accomplished the appropriation of the largest part of Wheeler Avenue. However, the State occupied almost all of Wheeler Avenue when construction of the arterial highway was commenced on December 12, 1960.
The claimant presented two theories of damage to the court, each based upon the alleged de facto appropriation.
His initial premise was that Wheeler Avenue was not a city street and that he owned the bed of said street. He claimed direct damage for the loss of said land and consequential damage to his remaining land. It was, of course, claimant’s burden to prove such ownership. This he did not do. In fact his proof indicated to this court that he did not own such land. On page 3 of Exhibit “ 3 ”, claimant’s deed which was dated December 30,1949, and recorded on January 21,1950 in the Oneida County Clerk’s office in Liber 1269 of Deeds at page 17, we find the following statement: ‘ ‘ The said party of the first part does hereby forever release unto the said party of the second part (i.e., the claimant herein) all of its right or rights, claim or claims, to have Wheeler Avenue as laid down on a map made by the City of Utica and filed in the Oneida County Clerk’s office in 1889, abandoned as a public street or highway of the City of Utica”. Obviously all said deed conveyed relative to the land within the bed of Wheeler Avenue was a rather amorphous chose in action which claimant never attempted to exercise. We also point out the claimant’s appraisal expert did not value the land in the bed of Wheeler Avenue in arriving at his final value and damage figures. We find that the claimant did not own or possess any right, title or interest in or to the land in the bed of Wheeler Avenue.
*889 Claimant’s second premise was that, when the State occupied the greater part of Wheeler Avenue, it deprived his property of suitable access and also cut off a railroad spur which ran to claimant’s property from the main line of the Erie-Lackawanna Railroad, thereby causing severe consequential damage to said property.
We do not find any consequential damage because of the loss of the railroad spur. The highest and best use of said property, both before and after the construction of the arterial, was for light industrial purposes. The railroad spur bisected 360± feet of claimant’s Wheeler Avenue property. Because of the long, narrow shape of said property, the railroad spur prevented its effective use for the aforesaid highest and best use. Therefore, to bring this land into proper condition for such highest and best use said railroad spur would have to be removed. It also should be noted that claimant merely had an oral leasing arrangement with the railroad.
We do not find consequential damage because of the loss of access to Wheeler Avenue. We find that claimant had suitable access after the alleged de facto appropriation. Therefore, any depreciation in the value of said property must be considered damnum absque injuria. In Matter of Smith v. Gagliardi (2 Misc 2d 1005, 1007, 1009, affd. 2 A D 2d 698) it was stated: “ The rule, to which the courts of this State are committed, is that, where private property has means of access by way of two public streets or highways, the State or local authorities, having jurisdiction, may close or do away with one of them without compensation to the landowner provided the other furnishes him with suitable means of access to his property. * * * it is clear that petitioner has no vested right to have public street access at special points selected by him.” (See, also, Holmes v. State of New York, 279 App. Div. 489; Baldwin-Hall Co. v. State of New York, 22 A D 2d 747, affd. 16 N Y 2d 1005; Rigano v. State of New York, 38 Misc 2d 480.)
Before the alleged de facto appropriation claimant’s Wheeler Avenue property, which was essentially rectangular in shape, had 767.20± feet of frontage along the southerly boundary of Wheeler Avenue and 94.06± feet of frontage along the easterly boundary of Warren Street, a paved and improved street. Also about 250± feet easterly of Warren Street said rectangular parcel abutted the northerly boundary line of two contiguous parcels of land, 90 ± feet in width, which were purchased by the claimant on May 15, 1957 and September 1, 1958 and which had frontage on Lincoln Avenue. This unified and essentially “ T ’’-shaped parcel of land was depicted in Exhibit “ 5 ”, a *890 survey map of claimant’s property. Claimant had access from his Lincoln Avenue property, which contained 50± feet of vacant land, to his Wheeler Avenue property.
Claimant’s experts testified that there was a drop of 10 feet from the Lincoln Avenue property to the Wheeler Avenue property. On viewing the property such contention was obviously incorrect. We walked from the Lincoln Avenue property to the Wheeler Avenue property and estimated a gradual drop of 3 to 4 feet between said parcels. We note that in 1963 and 1964, Exhibits “ 8 ” and “ 9 ”, claimant sold the westerly 200± feet of his Wheeler Avenue property, which included his access to Warren Street, and did not reserve any right of way from Warren Street. In 1965 claimant sold the easterly 407.20± feet of his Wheeler Avenue property, Exhibit “ 7 ”, without reserving any right of way to his remaining property which consisted of the 160 ± feet of Wheeler Avenue property which abutted the aforesaid Lincoln Avenue property. As claimant did not appear to be so inept a businessman as to deliberately landloclc his remaining Wheeler Avenue property, we draw the conclusion that claimant also considered he had suitable access from Lincoln Avenue.
After the alleged de facto appropriation claimant had 94.06 ± feet of access from Warren Street, 50± feet of access from Lincoln Avenue, and 12± feet of access at the northwesterly end of his Warren Street property via the remains of Warren Street which connected with Roberts Street, an improved city street. As previously stated we consider this to be suitable access.
Before presenting his direct case the State’s attorney moved for a dismissal of this claim based on a theory of suitable access remaining after the alleged de facto appropriation. We reserved decision on said motion. We now grant said motion.
We believe we should state that we considered the appraisals presented by both claimant and the State inadequate. The com-parables used were not good comparables, the topographical description presented by claimant’s appraiser was inaccurate and neither appraiser discussed the 10 or 11 incumbrances located on claimant’s property and their effect on value. As both of these appraisers are competent we cannot understand fins inadequacy. We do point out that accurate and complete appraisal testimony is a necessity. Appraisals without foundation in fact and which require the courts to engage in mind reading are as useful as the chaff driven before the wind. This claim is dismissed.